IN THE

# SUPREME COURT OF TENNESSEE,

FOR THE

# MIDDLE DIVISION.

NASHVILLE, DECEMBER TERM, 1891.

BOONE & HOWISON *v.* BUSH.

*(Nashville.* December 12, 1891.)

SET-OFF. *Defendant entitled to trial upon his plea of, although plaintiff dismisses his suit.*

Although the plaintiff dismisses his suit, the defendant is entitled to a trial upon his plea of set-off. This rule is applicable to suits in both the Circuit and the Justices' Courts.

Code construed: §§2922, 4160 (T. & S.); §§3632, 4936 (M. & V.).

Acts construed: Acts 1879, Ch. 222.

Boone & Howison *v.* Bush.

Cases cited and approved: Riley *v.* Carter, 3 Hum., 232; Galbraith *v.* Railroad, 11 Heis., 169; Edington *v.* Pickle, 1 Sneed, 122; Baker *v.* Grigsby, 7 Heis., 627; Brazelton *v.* Railroad, 3 Head, 571.

FROM SUMNER.

,Appeal in error from Circuit Court of Sumner County.  A. H. MUNFORD, J.

S. F. WILSON and GEORGE W. BODDIE for Boone & Howison.

J. J. TURNER and T. C. MULLIGAN for Bush.

CALDWELL, J.   E. T. Bush and wife commenced this action in the Circuit Court of Sumner County, to recover from Boone & Howison $1,500, as damages for misrepresentations alleged to have been made by them in the sale of thirty barrels of seed Irish potatoes.

Among the several defenses interposed by the defendants was a plea of set-off, in which they averred that the plaintiffs owed them $150 for said potatoes, and sought a judgment for the same.

The case was once tried in the Circuit Court, and appealed in error to this Court.  Here the judgment below was reversed and the case remanded for a new trial.

Thereafter, when called for a second trial in the Circuit Court, the plaintiffs appeared and voluntarily dismissed the suit. The defendants objected to the dismissal so far as their claim against the plaintiffs was concerned, and sought a trial on their plea of set-off; but judgment was pronounced and entered dismissing "the whole suit, including the set-off and cross-action of the defendants."

From this judgment defendants have appealed in error.

Generally a party plaintiff may dismiss his suit whenever he chooses to do so, and the defendant will not be heard to object. In the ordinary case the defendant's attitude is one of resistance merely, and his only object is to defeat the plaintiff's action. He has no other interest in the litigation; hence, if the plaintiff comes and voluntarily dismisses his suit, the defendant must acquiesce—he can ask nothing more. By the voluntary dismissal every thing is accomplished which could be attained by a trial and successful defense.

That rule, however, is not applicable in the case before us. This is an exceptional case, wherein the attitude of the defendants is both *defensive* and *aggressive;* not *defensive* merely, as in the ordinary suit.

By Section 1, Chapter 53, Acts 1815, Justices of the Peace were authorized to render judgment in favor of a defendant pleading a set-off, for such sum as might appear to be due him in excess of the demand established against him

by the plaintiff. 2 Scott's Laws, p. 2(6; Code, § 4160.

That Act materially changed the attitude of the parties to such a case, and conferred upon the defendant therein such interest and right in the litigation that the plaintiff could not dismiss his suit at pleasure, and thereby deprive the defendant of a trial on his plea of set-off. It was so adjudged in *Riley* v. *Carter*, 3 Hum., 232.

The Act of 1815 related alone to cases originating before Justices of the Peace; but a similar provision was made by Section 2, Chapter 259, Acts 1851–52, with reference to cases brought in the Circuit Courts of the State. Code, § 2922.

This enactment changed the attitude and affected the interests and rights of the parties litigant in the Circuit Courts in the same manner, and to the same extent, as those of parties to a litigation before Justices of the Peace were changed and affected by the Act of 1815; consequently, the same reasoning by which the plaintiff's right to dismiss his suit was denied in the case of *Riley* v. *Carter*, *supra*, is available to show that the plaintiffs in the case before us had no power to dismiss their suit over the objection of the defendants, and that the action of the Circuit Judge, in permitting the dismissal, was erroneous.

In *Galbraith* v. *Railroad*, 11 Heis., 169, it was decided that a plaintiff in an action at law in the Circuit Court, could not dismiss his suit, after an account had been ordered and a report made

showing a balance in favor of the defendant on his plea of set-off.

Though the plaintiff, in the cases contemplated by the Acts of 1815 and 1851–52, has no power to dismiss his suit, it has been several times held that the defendant's right to judgment for balance in his favor, on a plea of set-off, is incidental to and dependent upon the plaintiff's having actually established a debt, in some amount, against him; and that if, upon trial, it turned out that the defendant owed the plaintiff nothing in the first instance, the right of set-off would not exist, and the defendant could have no recovery against him for a proven debt. *Edington* v. *Pickle*, 1 Sneed, 122; *Brazelton* v. *Railroad*, 3 Head, 571; *Baker* v. *Grigsby*, 7 Heis., 627; *Galbraith* v. *Railroad*, 11 Heis., 174.

To meet that construction and enlarge the former enactments the Act of 1879 was passed. It provides that "if the defendant pleads a set-off to plaintiff's debt, and it appears that there is a balance due in favor of the defendant, the Justice or the Court trying the case shall enter up judgment in favor of the defendant and against the plaintiff for such balance; *and if the plaintiff fails in establishing any demand against the defendant, the defendant shall have judgment against the plaintiff for the amount which the proof upon his cross-action shows that he is entitled to, with costs.*" Acts 1879, Ch. 222, Sec. 1; Code (M. & V.), § 4936.

Under this Act, the defendant pleading a set-off

3—7 p

has greater rights than under the former Acts, and for the better reason may dispute the plaintiff's power to dismiss the suit; his right to a recovery for whatever indebtedness he may establish under his plea of set-off, is no longer dependent upon the plaintiff's having established a demand of smaller amount against him.

When the defendant files his plea, averring a counter claim, he becomes to that extent an actor, an aggressor} in the litigation; and the plaintiff can no more defeat his right to a trial by a dismissal of the suit, than the defendant can destroy that of the plaintiff by a withdrawal of his plea.

The Act of 1879 includes suits originating in the Circuit Courts as well as those commenced before Justices of the Peace. The provision is that "*the Justice* or *Court* trying the case shall enter judgment in favor of the defendant," etc. If Justices of the Peace alone had been contemplated as recipients of the enlarged power, the word "Court" would not have been used in the Act.

It is true that the section of the Code amended related alone to cases before Justices of the Peace; nevertheless, it was allowable that the Legislature should by amendment enlarge the provision so as to embrace all cases of set-off, whether pending before Justices of the Peace or in Courts of record.

Reverse and remand.