E. C. HARVEY *v.* JOSEPH A. CAMPBELL.

(*Nashville,* December Term, 1932.)

Opinion filed June 24, 1933.

JOHN H. LECHLEITER, for plaintiff in error.

H. C. PATTERSON, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

One Joseph A. Campbell brought suit against the Wherry Furniture Company, Inc., and against E. C.

Harvey to recover damages for personal injuries by reason of an assault alleged to have been committed on Campbell by Harvey while the latter was in the employ of the Wherry Furniture Company. Process in this case was returnable to the October, 1931, term of the circuit court of Davidson County. The summons was returned apparently served on Wherry Furniture Company and Harvey both.

During the October term a declaration was filed and counsel for the Wherry Furniture Company interposed a pleading for that concern and filed a plea of not guilty for Harvey. The October term of court finally adjourned on January 21, 1932.

On January 29, 1932, the defendant Harvey, by an attorney employed by him, filed a plea of not guilty in the case accompanied by a cross declaration setting out that plaintiff Campbell was the assailant in the encounter mentioned in the declaration and seeking to recover damages against plaintiff Campbell. This cross action was brought under section 8745 of the Code, which is as follows:

"In any action for tort where the defendant claims a cause of action, against the suing plaintiffs, or any of them, growing out of the same act, accident or transaction (such, for example, as collision of vehicles), the defendant may, along with his pleas and within the time limit allowed therefor, and in no case later than the issue term, file a cross-declaration setting forth his cause of action, upon his executing a bond for costs, or otherwise complying with the law in lieu thereof."

At the February term of court the officer who had returned the original summons filed an affidavit and motion asking to be allowed to amend his return on that

summons. The affidavit goes to show that, as a matter of fact, no service was ever had on Harvey. While it may be doubted if such an apparent impeachment of his return should have been heard, the court did hear the matter and ordered that the return on the summons be so amended.

Likewise at the February term counsel for the Wherry Furniture Company stated that he had never conferred with Harvey, had no authority to represent him, and entered the plea of not guilty in Harvey's behalf as a sort of courtesy, thinking Harvey had been duly served with process, and to prevent a judgment by default against the latter.

Harvey testified that he had never been served with any process and that the attorney for the Wherry Furniture Company was not authorized to represent him (Harvey).

Thereupon, at the February term, Campbell asked and was granted leave to enter a nonsuit as to Harvey. This permission was accorded him seemingly by reason of the opinion of the court that the October term was the issue term and that under section 8745 of the Code Harvey was not entitled to bring this cross action after the issue term had adjourned.

We think the court was mistaken in this. As the record stood there was no service of the original process on Harvey and no appearance had ever been entered for him by an authorized attorney when the issue term adjourned. Until he was served with process, as a matter of course, Harvey could not be required to join issue. On January 29, 1932, when Harvey filed his plea and cross declaration, the case stood just as if Harvey had not been served with process. Had he been served with process on that

day, the February term would have been the issue term as to him. Having made his appearance on January 29, 1932, Harvey was entitled to file his pleadings on that date with the clerk and was not required to await a subsequent term of court.

Being of opinion that the cross action was seasonably instituted under section 8745 of the Code, by reason of the provisions of section 8816 of the Code, the defendant having pleaded a set-off or counterclaim, was entitled to proceed on such counterclaim in the capacity of a plaintiff, notwithstanding the original plaintiff had taken a nonsuit. See also *Boone & Howison* v. *Bush,* 91 Tenn., 29, and *Barnes* v. *Noel,* 131 Tenn., 126.

Reversed and remanded for further proceedings.