HARRISON v. NATIONAL LIFE & ACCIDENT INS. CO.—145 S. W. (2d) 1023.

Middle Section.   June 13, 1940.

Petition for Certiorari denied by Supreme Court, December 14, 1940.

450

Joseph L. Lackey, of Nashville, for plaintiff in error Readore Harrison.

J. L. Reynolds, of Nashville, for defendant in error National Life & Accident Ins. Co.

HIGGINS, S. J. We shall in this opinion refer to the parties as plaintiff and defendant. Plaintiff brought an action in the Court of General Sessions of Davidson County against the defendant for the recovery of $300, alleged to be due him upon six insurance policies bearing different numbers. Upon the trial before the Court of General Sessions, the justice hearing this cause rendered a judgment against the plaintiff for $15 and costs.

The case was subsequently removed by certiorari into the Circuit Court for trial. Certiorari is a method whereby certiorari causes are transferred to the Circuit Court for trial in Davidson County.

When the cause was reached in the Circuit Court plaintiff moved for a nonsuit. This was resisted by the attorney for the defendant upon the ground that in the General Sessions Court plaintiff's action had been brought in bad faith; that defendant had recovered in the lower court the sum of $15 by way of penalty and damages; that defendant had an affirmative right to insist in the Circuit Court that the cause be retained on the docket and heard, to the end that defendant have a new judgment against the plaintiff upon the ground that the action had not been brought in good faith; and that plaintiff

should be visited with the penalty provided by Code, Section 6435. It was the insistence of the attorney for the defendant that plaintiff was not entitled to a nonsuit, or such nonsuit as would vacate the judgment of the lower court, or such as would deprive the defendant of the right to submit evidence in the Circuit Court in support of its contention that the lawsuit was not waged in good faith.

The Circuit Judge declined to allow plaintiff to take a nonsuit, and directed that the attorney representing the defendant submit his proofs in support of his contention as to good faith upon the part of plaintiff. Much evidence to that effect was introduced. The trial judge was of opinion that the suit had not been instituted in good faith, and thereupon awarded the defendant a judgment for $75 and costs.

Plaintiff thereupon entered a motion for a new trial.

The first and second specifications are, in substance, that the court was in error in declining to allow him to dismiss his action, and that cross-plaintiff, meaning the defendant, was not properly in court and had no right to maintain the action or cross-action.

A further contention is that cross-plaintiff should have been required to execute a bond before being allowed to maintain his cross-action.

The fourth specification is, that the evidence preponderates against the verdict. We shall deal with this assignment first.

■ We find in the record much testimony to the effect that plaintiff at the time he instituted this suit knew that defendant was not in any wise indebted to him; that he had some months previously been paid every cent that was due him upon any and all policies in which the plaintiff may have had an interest, and had no reasonable basis for expecting the obtaining of a judgment in his favor. The contentions of plaintiff to the contrary are themselves frivolous. The only conclusion that can be drawn from the evidence is that the action was instituted recklessly, inspired with the faint hope that upon his fishing effort something in his favor might be developed. The fourth assignment of error is overruled.

Nor do we find any merit in the insistence that defendant was required to execute a bond, and had no right to maintain his cross-complaint. Code, Section 6435, is as follows: *"Liability on policy-holders when not brought in good faith.*—In the event it shall be made to appear to the court or jury trying the cause that the action of said policyholder in bringing said suit was not in good faith, a recovery under said policy shall not be had, said policyholder shall be liable to such insurance company, corporation, firm, or person in a sum not exceeding twenty-five per cent. of the amount of the loss claimed under said policy; provided, that such liability, within the limits prescribed, shall, in the discretion of the court or jury trying the cause, be measured by the additional expense, loss, or injury inflicted upon the defendant by reason of said suit."

There is no suggestion in this statute that an insurance company which has been sued upon a policy must resort to an independent action in its effort to show that a particular suit had been instituted in bad faith. The purport of this statute is to afford such companies the right, in the first place, to defend all actions by showing that they were not in good faith; and in the next place to recoup and recover by way of cross-demand the penalties denounced by the Code section above quoted; the amount to be ascertained with reference to the trouble and expense incurred by the company in making the defense. It is apparent that this right is not only defensive, but the matter of defense may be made the basis of an adjudication and taxation of penalties, costs and expenses as a part of the judgment in the cause. And this seems to be a right that becomes vested in the company at the time of the institution of this action, and this right is implicit in and remains a part of the controversy which cannot be taken away or nullified by any effort upon the part of plaintiff to dismiss his baseless action. It is true that by section 8816 a plaintiff may at any time take a nonsuit or dismiss his action; but in all such cases there is a reservation to the defendant of his right to proceed with any set-off or counterclaim which he has presented at the trial. The rule in equity is that a complainant cannot by dismissing his original bill deprive the defendant of the right to proceed and recover on a cross-bill if he has interposed one. For if a defendant has during the course of a trial acquired certain rights, or a peculiar standing of an affirmative nature, such as the right to insist upon a directed verdict, the prevailing party cannot deprive him of this right by a subsequent dismissal of his action. Barnes v. Noel, 131 Tenn., 126, 128, 174 S. W., 276. Again, if a nonsuit will work an injustice to defendant, and especially where it will deprive him of a right or demand or equity with respect to the matter in controversy, plaintiff has no absolute right to a nonsuit. Such a motion may be resisted and defendant may proceed to judgment upon his counterdemand, or counterright or equity. 6 Ency. Pl. & Pr., page 843.

In a law action when defendant files a plea averring a counter-demand or claim, he becomes in every sense an actor, and plaintiff can no more defeat his right to a trial upon his counterclaim by his dismissal of the suit than the defendant can destroy that of the plaintiff by a withdrawal of his plea. Boone & Howison v. Bush, 91 Tenn., 29, 17 S. W., 792.

The Code section quoted carries upon its face the suggestion that the proper time to raise the question of good faith is at or during the trial of an action brought by a policyholder. It strikes us that the statute involved falls readily into the general rules governing the presentation of countercomplaints, and should be treated as merely cumulative to the common body of the law.

We find no error in the judgment of the court and all the assignments of error of plaintiff are overruled, and the judgment affirmed, with all costs.

Crownover and Felts, JJ., concur.