## ANDREWS BROS. OF CALIFORNIA v. CENTRAL PRODUCE CO.

### No. 11653.

United States Court of Appeals
Sixth Circuit.

April 14, 1953.

Henry O. Wackerbarth, Los Angeles, Cal., for appellant.

E. D. Jackson, Nashville, Tenn., for appellee.

Before SIMONS, Chief Judge, and ALLEN and MARTIN, Circuit Judges.

PER CURIAM.

The appellant instituted a reparation proceeding pursuant to the Perishable Agricultural Commodities Act of 1930, as amended, Title 7 U.S.C.A. § 499a et seq. Following the decision of the administrative agency set up by that Act, appellant instituted an action in the United States District Court for the Middle District of Tennessee in which the District Judge concurred in the findings of fact of the designated officer of the Secretary of Agriculture, who filed findings of fact, conclusions and an order from which both the appellant and the appellee appealed to the District Court seasonably for a *de novo* trial of the issues.

■ The United States District Court approved and adopted as its own the findings of the administrative official of the Department of Agriculture. The court also adopted the conclusions of that agency, except in one particular, which was that the appellee should have been permitted to assert its counterclaim for affirmative relief. We think the District Court ruled correctly in this respect, in applying sections 8745, 8746 and 8749 of the Tennessee Code. See Harvey v. Campbell, 166 Tenn. 369, 61 S. W.2d 465. Compare Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079.

This court is of opinion that there was ample substantial evidence to support the findings of fact of the designated agent of the Secretary of Agriculture and the concurring findings of the District Court. It has been held that the Perishable Agricultural Commodities Act was not intended to repeal the law of sales or to destroy rights or liabilities of contracting parties. Ernest E. Fadler Co. v. Hesser, 10 Cir., 166 F.2d 904.

■ Appellee refused to accept from appellant 28 cars of fruit out of a total of 36 cars contracted to be purchased for the reason that six of the first eight carload shipments contained spoiled and unfit fruits. However, appellee withdrew its objection to four of the 28 cars, when it ascertained that these four cars had already been delivered to the railroad company, f. o. b. cars in California for shipment to appellee at

Nashville, Tennessee. The position of appellee is, in our judgment, correct upon the proposition that, on account of the spoiled condition of the fruit in a substantial part of the first eight carloads received, the appellee produce company was not required as a matter of law to accept delivery of the remaining 24 cars of fruit which had not been delivered f. o. b. cars at the shipping point in California for shipment to appellee at Nashville, Tennessee; and appellee had a right to rescind the contract as to the purchase of such cars.

The amount awarded appellee on its counterclaim was consistent with the proof adduced in the case. Likewise, the fee allowed appellee's attorney to be paid by appellant was justifiably awarded.

Accordingly, the judgment of the District Court is affirmed.