275 So.2d 583 (1973)
HOLLY HILL FRUIT PRODUCTS CO., INC., Petitioner,
v.
BOB STATON, INC., et al., Respondents.
No. 72-670.
District Court of Appeal of Florida, Second District.
January 31, 1973.
Rehearing Denied April 27, 1973.
*584 Robert P. Murray, of Holland & Knight. Lakeland, for petitioner.
William B. Holland, Winter Haven, for respondents.
MANN, Chief Judge.
The Commissioner's finding that Staton's delivery of oranges "from various groves located in Highlands and Hardee Counties" was frustrated by a freeze which made performance legally impossible is supported by substantial competent evidence. Impossibility of performance of agricultural contracts varies according to whether the seller contracts to sell his own produce, in which case an individual crop failure constitutes legal impossibility, or whether an obligation is assumed to furnish fruit regardless of source. In the latter case there is still such a concept as legal impossibility, and the Commissioner did not misperceive the question involved. Contrary to Holly Hill's contention, Staton's obligation was not to buy fruit wherever he could find it in order to fulfill the contract. His obligation was to find fruit, if possible, even at greater expense than anticipated, in Highlands and Hardee Counties. That is what he bargained to do, but the Commissioner determined that performance was impossible. See Annotation, 84 A.L.R.2d 103; Corbin, Contracts, cc. 74, 75; 17 Am.Jur.2d, Contracts § 402.
The Commissioner did err in failing to give effect to the agreement of the parties with respect to interest payable on advances to Staton. A separate agreement, involving a mortgage, fixed a rate of interest at nine per cent, permitted by law. The agreement was incorporated by reference into the contract out of which this dispute arose, and the Commissioner had jurisdiction *585 of the matter under Fla. Stat. § 601.66 (1971), F.S.A. The entire controversy should have been adjudicated. The denial of interest as agreed on the advances repayable by Staton was error.
Certiorari granted. The order is approved except with respect to the amount of damages, but is quashed and the cause is remanded for entry of an order in accordance with this opinion.
HOBSON, J., and PIERCE, J. (Ret.), concur.