SCHEB, Judge.
Respondent, Kingfisher Groves,'contracted with the petitioner, Florida Fruit Sales, Inc., a licensed citrus fruit dealer, for the latter to harvest and acquire citrus fruit in Blocks 60 and 61 of the Kingfisher Groves near Merritt Island. A dispute arose and Kingfisher initiated proceedings with the Commissioner of Agriculture under F.S. Ch. 601, contending that Fruit Sales failed to pay it for 3700 boxes of grapefruit it had harvested from Block 60. Fruit Sales denied any obligation to Kingfisher and filed “Affirmative Defenses and Set Off” claiming damages from Kingfisher’s alleged breach of the contract by allowing others to harvest the grapefruit from Block 61 which caused Fruit Sales to suffer a loss of profits of $3,447.50. The Commissioner allowed Kingfisher $3,605.50 on its claim against Fruit Sales relating to Block 60. As to Fruit Sales’ claim in reference to Block 61, however, the Commissioner determined to “. . . leave the parties to such other remedies as they may desire to pursue concerning this citrus.”
Wé hold the Commissioner erred in not allowing Fruit Sales to assert by way of recoupment its claim for damages arising out of the same contract. We grant the writ.
Florida Statutes § 601.66 provides for the Commissioner to determine claims against licensed citrus fruit dealers in certain instances. Chapter 601 is silent as to the Commissioner’s authority to entertain any other claims. Nevertheless, once the Commissioner accepts jurisdiction to deter *841 mine the damages sustained by a claimant against a dealer, the dealer should be allowed to assert by recoupment its claim arising from the same contractual transaction. If petitioner Florida Sales can establish a right to recoupment, it would have a direct bearing on the extent of Kingfisher’s net entitlement.
We think our view consistent with that taken by the federal court in Andrews Bros. of Calif. v. Central Produce Co., 6th Cir. 1953, 203 F.2d 949, wherein the court held that a defendant was properly allowed to assert a counterclaim in a somewhat similar proceeding before the United States Department of Agriculture under the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C.A. § 499a et seq. See also, the opinion of this court in Holly Hill Fruit Products Co., Inc. v. Bob Staton, Inc., Fla.App.2d 1973, 275 So.2d 583, wherein we held that when the Commissioner determined the liability of a fruit dealer, that dealer’s entire contract was before the Commissioner and it was error for the Commissioner to fail to adjudicate the claimant’s right to interest as provided in the contract.
Accordingly, that part of the Commissioner of Agriculture’s order entered January 15, 1976, which provides:
“The Commissioner makes no ruling or determination surrounding the citrus of Block 61, and leaves the parties to such other remedies as they may desire to pursue concerning this citrus.”
is quashed, and pursuant to Fla.Stat. § 120.-68(8) this cause is remanded to the Commissioner of Agriculture for further proceedings consistent with this opinion.
Certiorari granted and cause remanded.
McNULTY, C. J., and BOARDMAN, J., concur.