WOLF, J.,
dissenting.
I would affirm the summary judgment in favor of the appellee. The undisputed facts establish that Shields Systems, Inc. was at least partially at fault in causing the damages sustained by appellant, Florida Employers Insurance Service Corporation (FEISCO), and was therefore precluded from seeking common law indemnification from the appel-lee, Norco Inc. d/b/a Norton Insurance of Florida, Inc. The following material facts are not in dispute. In June 1991, J. Kinson Cook, Inc. (Cook), as general contractor, subcontracted with Shields Systems, Inc. (Shields) for work on a construction project at Godby High School. The contract between Cook and Shields required Shields to maintain workers’ compensation coverage for its employees during the course of the project. At the time the contract between Cook and Shields was signed, Shields had workers’ compensation coverage pursuant to a policy which was effective from May 30, 1991, to May 30, 1992. Appellee had obtained this coverage for Shields as Shields’ insurance agent. In early November 1991, Shields’ workers’ compensation coverage was canceled for nonpayment. In early February 1992, appellee on behalf of Shields submitted an application for workers’ compensation coverage and a premium check to the National Council on Compensation Insurance, Inc. (NCCI) in order to reestablish Shields’ workers’ compensation coverage. Unbeknownst to Shields, its application and premium cheek were not processed by NCCI until May 1992. In late March 1992, William Cotton, an employee of Shields, was injured during the course and scope of his employment on the Godby construction project. Cotton filed a workers’ compensation claim with Shields. Shields subsequently learned that it had no workers’ compensation coverage in effect at the time of Cotton’s accident. Appellant, as Cook’s workers’ compensation carrier, then paid Cotton’s claim. Shields later went out of business. In September 1994, appellant instituted an action against appellee, Shields’ trustee, and NCCI seeking reimbursement for the amount expended in paying Cotton’s workers’ compensation claim. Both appellee and NCCI were dismissed as parties from that lawsuit on grounds that neither had *877 owed any duty to appellant. The trial court in that action subsequently entered a default final judgment in favor of appellant and against Shields. Shields later assigned all causes of action or rights it had against appellee and NCCI to appellant.
Appellant, as assignee of Shields, then instituted a common law indemnity action against appellee and NCCI for the amount set forth in the previously entered default final judgment against Shields on the theory that both appellee and NCCI had been negligent in failing to procure and provide workers’ compensation coverage to Shields. In that complaint, appellant alleged that Shields had not been “negligent or otherwise at fault” in causing appellant to have to pay Cotton’s workers’ compensation claim, but had instead only been constructively or technically liable for the amount awarded to appellant in the prior default final judgment. In its answer, appellee generally denied appellant’s allegation that Shields’ had not been “negligent or otherwise at fault” in causing the damages to appellant reflected in the previously entered default final judgment. In the course of discovery, appellee conceded, in response to a request for admissions, the authenticity of a letter from it to NCCI dated July 21, 1992, which had requested NCCI to provide workers’ compensation coverage to Shields for the period from February 1992 to May 1992 because the delay in processing the application for the second workers’ compensation policy had been due to the application having been somehow misplaced by NCCI until May 1992.
Appellee later filed a motion for summary judgment, arguing that appellant, as Shields’ assignee, could not maintain the indemnity action against it because Shields, by virtue of its breach of the term of the subcontract with Cook that required it to maintain workers’ compensation coverage during the Godby project, had been at least partially at fault for appellant having to pay Cotton’s workers’ compensation claim. The trial court granted summary judgment in favor of appellee.
In order to recover in a common law indemnification action, the plaintiff must establish that it is free of fault which contributed to the injury in question. See Safecare Medical Center v. Howard, 670 So.2d 1020, 1022 (Fla. 4th DCA 1996).
In Houdaille Indus., Inc. v. Edwards, 374 So.2d 490 (Fla.1979), the Florida Supreme Court described the nature of a common law indemnity action as follows:
Indemnity is a right which inures to one who discharges a duty owed by him, but which, as between himself and another, should have been discharged by the other and is allowable only where the whole fault is in the one against whom indemnity is sought. It shifts the entire loss from one who, although without active negligence or fault, has been obligated to pay, because of some vicarious, constructive, derivative, or technical liability, to another who should bear the costs because it was the latter’s wrongdoing for which the former is held liable. Indemnity rests upon the fault of another which has been imputed to or constructively fastened upon the one seeking indemnity, and there can be no indemnity between joint tortfeasors. A weighing of the relative fault of tortfeasors has no place in the concept of indemnity for the one seeking indemnity must be without fault. Indemnity can only be applied where the liability of the person seeking indemnity is solely constructive or derivative and only against one who, because of his act, has caused such constructive liability to be imposed.
Id. at 492-93 (emphasis in original, citations omitted).
It is undisputed (and was established in the prior breach of contract lawsuit where a default judgment was entered) that Shields breached its contract by allowing its workers’ compensation coverage to lapse and that such failure resulted in the damage suffered by appellant.[1] Appellant argues that the *878 actions of appellee and NCCI in negligently failing to process Shields’ application for workers’ compensation insurance was an intervening cause that relieved Shields from responsibility for the damage to appellant.
The existence of an intervening cause generally involves a question of fact precluding summary judgment. See McCain v. Florida Power Corp., 593 So.2d 500, 504 (Fla.1992). However, an intervening cause releases a tort-feasor only when it is fully independent and unforeseeable. See Loomis v. Howell, 604 So.2d 1241, 1243 (Fla. 1st DCA 1992). The intervention must be independent of the original negligence and must not be set in motion by the original negligence. See id.; Tallahassee Furniture Co., Inc. v. Harrison, 583 So.2d 744, 756 (Fla. 1st DCA 1991). To recover under indemnification, a party must be totally without legal fault. Thus, a wrongdoer can only be able to recover under a theory of indemnification where there has been a legally sufficient intervening cause releasing it from liability for the ultimate damages. The facts in this case are undisputed; Shields let its workers’ compensation insurance lapse for nonpayment of premiums. Its misdeed set in motion the circumstances which resulted in appellant’s damages. The failure to properly process a new application for workers’ compensation insurance is not totally independent from the failure to make premium payments. It is not unforeseeable that when you try to reinstate a policy of insurance there may be negligent handling of the processing. As a matter of law, Shields was not totally without fault, and the indemnification action should, therefore, be precluded.

. Appellee argues that such determination in the prior litigation automatically established Shields' fault in this action and precludes recovery in indemnification. Such is not the case because in the instant action, appellant argues that the negligence of appellee and NCCI acted as an intervening cause, relieving Shields of fault for the purpose of indemnification. The intervening negligence of appellee and NCCI may not have constituted a defense in the breach of contract *878 action, and therefore the contract action cannot be considered to be dispositive as to the intervening cause issue. See Holly Hill Fruit Products Co., Inc. v. Bob Staton, Inc., 275 So.2d 583, 584 (Fla. 2d DCA 1973); see also Valencia Center, Inc. v. Publix Super Markets, Inc., 464 So.2d 1267, 1269 (Fla. 3d DCA 1985).