Williams *v.* Lenoir.

WILLIAMS *v.* LENOIR.

1. PLEADING AND PRACTICE. *Actions on accounts from another county. Set off. Statute of limitations.* Upon a proper plea of set-off, the statute of limitations will not operate as a bar against defendant's claim, nor run at all, after the commencement of the plaintiff's suit, in cases of mutual accounts arising between the parties about the same time.

  Cases cited: Stone *v.* Duncan, 1 Head, 103; Harris *v.* Snider, 9 Humphreys, 743.

2. SAME. *Same. Same.* Where a plea of the statute of limitations means six years, has elapsed before suit is brought upon the claim by the plea of set-off or cross actions, it must be stricken out for immateriality.

3. SAME. *Same. Same.* Under sec. 2932 of the Code, the defendant in an action should obtain leave of the court to file more than one replication; but in the case of a set-off pleaded, which is in the nature of a cross action, the plaintiff, as to that plea, is a defendant, and his re-

plication in substance pleas, and he may file as many as are necessary to his proper defense.

Case cited: Mitchell *v.* The State, 2 Swan, 555.

Code cited: Sec. 2932.

4. SAME. *Same. Evidence. Affidavit.* In an action upon an account coming from another county, where either party fails to justify or deny the validity of the same by affidavit according to sec. 3780 of the Code, he shall be excluded as a witness, but otherwise both are competent, and, upon the investigation, may be examined and cross examined as other witnesses. The case of Wilkhorn *v.* Gillespie, 6 Heis., 329, is overruled so far as it holds that the parties to such an action are incompetent as witnesses.

Code cited: Sec. 3780–5*a*, sec. 3813 *c, e.*

---

FROM LOUDON.

---

Appeal from the Circuit Court.

W. P. WASHBURN and BAXTER & SON for plaintiff.

H. A. CHAMBERS and W. J. HICKS for defendant.

DEADERICK, J., delivered the opinion of the court.

This is a suit brought in Loudon county upon an account coming from Knox county, and was instituted under sec. 3780 of the Code. The summons issued 31st December, 1872. At May term, 1873, defendant denied, under oath, the justice of the account, pleaded a set-off amongst other defenses set up, and on the trial verdict and judgment were rendered in favor of defendant for $187, being the excess of his account over that of plaintiff's, and plaintiff has appealed to this court.

Two replications were filed to the defendant's plea

of set-off—one of *nil debit*, the other the statute of limitations of six years, the language of the plea being "the cause of action of defendant accrued more than six years before suit brought thereon," etc.

At September term, 1873, a motion was made to strike out the replication of the statute of limitations because it tenders an immaterial issue in the averment that defendant's cause of action was barred at the time the plea of set-off was filed, and because said replication was filed without leave of the court.

For defendant it is insisted that in cases of mutual accounts the statute, where the plea of set-off is pleaded, does not continue to run until said plea is filed, but ceases to run, upon the filing of such plea, at the time of the issuance of the summons by plaintiff. In 1 Ch. Pl., 572, it is said that "the debt attempted to be set off must be due at the time the action was brought or commenced, and not merely at the time of pleading; and it must at the former period (the time of the commencement of the action) have been a legal and subsisting debt, and not barred by the statute of limitations."

And in Angell on Lim., 79, it is laid down that where there are cross demands between the parties which accrued nearly at the same time, both of which would be barred by the statute of limitations, and the plaintiff saved the statute by suing out process, but the defendant has not, the defendant may nevertheless set off his demand. Upon these authorities, contrary to the general rule that a party, to save the statute, must himself begin the action, it is held that in cases

of mutual accounts the beginning of the suit by one operates to save the statute as to the other upon the plea of set-off. Our own cases of *Stone* v. *Duncan,* 1 Head, 103, 9 Hum., 743, holding the general doctrine that a debt barred by the statute of limitations cannot be allowed as a set-off, do not conflict with the doctrine above cited. We hold, therefore, that upon a proper plea of set-off, the statute would not operate to bar defendant's claims, nor run after the commencement of the plaintiff's suit in cases of mutual accounts arising between the parties about the same time.

Under sec. 2932 of the Code the defendant in an action should obtain leave of the court to file more than one replication. But in the case of a set-off pleaded, which is in the nature of a cross action, the plaintiff as to that plea is a defendant, and his replications in substance pleas, and he may file as many as are necessary to his proper defense. *Mitchell* v. *The State,* 2 Swan, 555. The plea of the statute by a proper construction meant six years before suit brought thereon by the plea of set-off or cross action, and was therefore immaterial, and properly stricken out.

On the trial plaintiff was not allowed to testify in support of his claim against defendant, upon the authority of the case of *Wilkhorn* v. *Gillespie,* 6 Heis., 329. In that case the suit was brought upon a claim coming from another county, the plaintiff having made affidavit to the justice of his account. The defendant did not deny the justice of the account on oath

previous to the trial, but was allowed to testify on the trial denying its justice. Judge Nelson, delivering the opinion of the court, held that this was error upon the ground that the statute does not contemplate that either party shall be examined on oath in. the usual form, but that the affidavit made by plaintiff shall be denied by a similar affidavit of defendant. This is to make up the issue. For the statute, sec. 3780 of the Code provides, if defendant does not deny plaintiff's affidavit on oath, such affidavit is conclusive evidence against the defendant. It is further held in said opinion that the act of July, 1870 (Code, 3785*a*), declaring that the act of February 24, 1870 (Code secs. 3813*c* to 3813*e*), shall not be construed as repealing, modifying or in any way affecting any of the provisions of the Code, secs. 3780 to 3785, intended to exclude persons who had made affidavits under sec. 3780 of the Code from being witnesses in their own cases, and as excepting such persons from the operation of the statutes, rendering parties to suits competent to testify.

We do not think so, but are of opinion that it was intended to leave the mode of proceeding under sec. 3780 unaffected by the act of February, 1870, as to making up an issue upon an account coming from another county, and leaving the affidavit of plaintiff as conclusive evidence, unless denied by the affidavit of defendant, and excluding all evidence in his behalf without such denial, and not as declaring any different rule as to the competency of witnesses in the one case from the other. That case was correctly de-

cided and properly reversed upon the ground that defendant had not made the affidavit required in denial of plaintiff's claim.    Upon the point that plaintiff and defendant were both incompetent witnesses, we overrule it, and hold that both are competent.    Their respective affidavits are general, and upon their examination as witnesses, they may be examined and cross-examined as other witnesses.

Fritts testified he had some hogs in his possession belonging to defendant, and that some soldiers came to his house and said plaintiffs had sent them for the hogs, and that they took them off.    This was objected to and admitted.    The admission of this testimony was improper.    There is nothing showing any connection between the plaintiffs and the soldiers, nor any authority by him to them to demand or take the hogs.

The judgment of the circuit court will be reversed and the cause will be remanded for a new trial, with leave to plaintiff to file a further replication to defendant's plea of set-off if he desires to do so.