LEWIS v. TURNLEY.

(*Jackson.*    July 21, 1896.)

1. EVIDENCE.    *Parol admissible, when.*

Parol evidence is admissible to prove that a vendor, at time of making deed for realty, entered into an independent collateral contract, purposely omitted from the writings, to transfer to the purchaser the policies of insurance upon the improvements. (*Post, pp. 201, 202.*)

Cases cited and approved: Hines v. Willcox, 96 Tenn., 148, 328; Stenberg v. Willcox, 96 Tenn., 163, 328.

2. STATUTE OF LIMITATIONS.    *Set-off not barred, when.*

A set-off evolved from the consideration of the original contract, upon which the action is based, is not barred by the statute of limitations, where the statutory period had not expired when the original bill was filed, although it had expired before the set-off was pleaded.    (*Post, pp. 202–205.*)

Code construed: § 4639 (S.); § 3628 (M. & V.); § 2913 (T. & S.).

Cases cited and approved: Williams v. Lenoir, 8 Bax., 395; Railroad v. Parks, 86 Tenn., 554; Caldwell v. Powell, 6 Bax., 82; Moore v. Tate, 87 Tenn., 725; Lowery v. Hawes, 10 Heis., 688.

Cited and distinguished: Stone v. Duncan, 1 Head, 103; Harris v. Snider, 9 Hum., 743.

3. SET-OFF.    *Recovery of excess.*

And defendant may, in such case, recover excess of the set-off over the plaintiff's demand.    (*Post, p. 205.*)

FROM DYER.

Appeal from Chancery Court of Dyer County. JOHN S. COOPER, Ch.

---

---

W. S. Draper and Moore & Wells for Lewis.

W. E. Bell and Hays & Biggs for Turnley.

McAlister, J. This bill was filed in the Chancery Court of Dyer County for the enforcement of a vendor's lien and the collection of a note. The note was given for a one-half undivided interest in a lot in the town of Fowlks, Tenn., upon which was located a gin mill, machinery, etc. The note was executed by the defendant, C. E. Turnley, payable to the order of William Harper. Harper died in July, 1891, and this bill was filed in 1892 by his administrator, H. C. Lewis, against C. E. Turnley, the maker of the note.

The defendant, Turnley, filed an answer and cross bill, in which he admitted the purchase of the land and the note in suit. In his cross bill he charged that there were valuable buildings and machinery on the land, which greatly enhanced its value, and that these improvements constituted the principal inducement to the trade. It is further charged that, at the time of said trade, the vendor, Wm. Harper, had said improvements insured to the amount of $1,600, which insurance did not expire for several months, and that it was a condition of the trade for the land that the policies of insurance should be transferred to defendant and to his partner, King, who had purchased the other one-half interest in the property; that Harper, although often requested to make the transfer, failed to do so, and that, while the im-

provements were so insured in the name of Harper, a fire occurred which totally destroyed said building and machinery. Defendant also charged that said Harper agreed, and that it was part of the consideration of the contract, that if the property should burn before he complied with his agreement, he would be bound for the insurance; that defendant was thereby damaged to the extent of one-half of said insurance, to wit, the sum of $800, which amount he seeks to set off against complainant's claim, and recover the excess as a counterclaim. The answer and cross bill were filed in November, 1893. The contract for the sale of the land and improvements was made on the eleventh of August, 1886. The original bill was filed in 1892. Complainant demurred to the cross bill, assigning, among other grounds, that said cause of action set up in the cross bill, was barred by the statutes of three and six years.

This demurrer was overruled by Chancellor Livingstone, but the order overruling the demurrer recited "that defendant in cross bill is permitted to rely in his answer on the statutes of limitation," which defense was accordingly incorporated in the answer filed to the cross bill. The cause was finally heard by the Hon. John S. Cooper, Chancellor, who pronounced a decree in favor of complainant for the sum of $499.80, balance due on said notes, with interest, and ordered a sale of the property for the satisfaction of said amount, which was declared a

lien on the property. The Chancellor denied defend-
ant any relief on his cross bill and dismissed the
same, taxing complainant with two-thirds of the costs
of suit and defendant with the remaining one-third.
Complainant appealed from so much of said decree
as taxed him with any part of the costs. Defend-
ant, Turnley, also appealed from the decree of the
Chancellor dismissing his cross bill and pronouncing
judgment against him for the amount of said notes
and declaring the same a lien upon the property.

We are thoroughly satisfied, from a careful read-
ing of this record, that it was a stipulation of the
original contract that the policies of insurance on
the improvements should be transferred to the de-
fendant and to his co-purchaser, King. It is shown
that the lot was intrinsically of little value and that
the improvements constituted the material inducement
to the trade and were the real consideration for the
purchase notes. The defendant, Turnley, agreed to
pay, for an undivided one-half interest in this prop-
erty the sum of $1,000, and William Harper, the
vendor, promised that he would attend to the trans-
fer of the policies immediately. He did not send
the policies, as he had contracted to do, and sev-
eral letters were written him by King, calling his
attention to this matter. After the lapse of about
two months he did send the policies by mail, but,
upon examination, it was found there had been no
transfer by the company to the purchasers. The
policies were received on Thursday, and on Saturday

night following the buildings and improvements were consumed by fire. The policies, while issued by good and solvent companies, were not collectible by Harper, the vendor, for the reason he had sold and conveyed the property to the defendants; nor were they collectible by the defendant, since there had been no assignment or transfer of the insurance, so that when the fire occurred the defendant suffered a total loss of his improvements. The record shows, further, that when the policies were received, on Thursday, and the defendants discovered there had been no transfer or assignment of the insurance, they immediately sent to Dyersburg for an insurance agent to come over to Fowlks Station, where the property was situated, and insure it. The insurance agent promised to come on Monday, stating that he could not come before that time. As already stated, the property was burned Saturday night, before the defendants could procure any insurance. We are satisfied this loss was brought about by Harper's breach of contract to transfer the policies of insurance.

It is insisted, however, that the deed from Harper to the defendant, conveying this property, contained no stipulation for the transfer of the policies, and that the proof on this subject was incompetent and illegal, as tending to alter, vary, and contradict the terms of a written instrument. The proof shows, that when the deed and notes were drawn, the de fendant insisted that they should both recite the

stipulation in respect of the transfer of the policies, but that Harper stated that was unnecessary, that the notes would have to be written over again, that he was good, and would stand for the policies being transferred. This contract having been distinctly proved, and the reasons shown why it was not embodied in the written instrument of conveyance, it presents a case where only a part of an entire contract has been reduced to writing, and comes within the rule announced in many cases, but more recently in *Hines* v. *Willcox*, 96 Tenn., 148–328, and *Stenberg* v. *Willcox*, 96 Tenn., 163.

The only remaining question is, whether this claim is barred by the statute of limitation of six years. As already stated, the defendant sets up this defense in his answer and cross bill by way of set-off and recoupment. It is provided by the Code, § 3628 (M. & V.), viz.: "The defendant may plead by way of set-off or cross action: (1) Mutual demands held by the defendant against the plaintiff at the time of action brought, and matured when offered in set-off; (2) any matter arising out of plaintiff's demand, and for which the defendant would be entitled to recover in a cross action; (3) any matter growing out of the original consideration of any written instrument, for which the defendant would be entitled to recover in a cross action; (4) any equities between the defendant and the original party, under whom the plaintiff claims, which by law have attached to the demand in the plaintiff's hands, and

for which the defendant would be entitled to a re-
covery against such original party. *Moore* v. *Tate*,
87 Tenn., 725.

It is plain that the claim of defendant for a re-
covery of damages for a breach of this agreement
is a proper matter of set-off under the express .pro-
vision of this section. *Lowery* v. *Hawes*, 10 Heis.,
688. Is, then, such cross claim barred by the
statute of six years? It is admitted by defendant
that more than six years had elapsed from the date
of the contract to the filing of the cross bill in
which this counterclaim was first presented, but the
insistence of defendant is that since this defense is
evolved from the consideration of the original con-
tract, that the filing of the original bill saves the
bar of the statute in favor of the defendant, and
such contention we hold to be the law.

Says Mr. Wood, in his work on Limitations of
Actions, Vol. II., Sec. 281, viz.: "The rule may be
said to be that if a defendant pleads a set-off, the
plaintiff may reply the statute ; but a set-off is avail-
able as a simultaneous cross action would be, and,
if it is to be barred at all, must be barred at the
time of the commencement of the action. In other
words, the bringing of an action by one party saves
from the operation of the statute all such claims of
the defendant against the plaintiff as are properly
the subject of set-off, and which are, in fact, pleaded
as a set-off in that action. Where there are cross
demands between the parties, which accrued at nearly

the same time, both of which would be barred by
the statute, and the plaintiff has saved the statute
by suing out process, but the defendant has not, it
has been held that nevertheless the defendant may
set off such demands.    *Ord* v. *Ruspine*, 2 Esp., 569.
In that case Lord Kenyon remarked 'that as the
transactions between the plaintiff and defendant were
all of the same date, and as the bills seemed to
have been given in the course of these transactions
and for their mutual accommodation, it would be the
highest injustice to allow one to have an operation
by law and not the other, and that he would, there-
fore, hold the latter to be good as well as the
former, and suffer them to be set off.' ''

The author, in commenting on this case, says:
''It will be observed, however, that in this case
the demands were similar, and had relation to the
principal claim, and in order to give effect to the
last named rule, this condition must always exist.''
Citing *Mann* v. *Palmer*, 3 Abb. App. Dec. (N.
Y.), 162.

In consonance with this text, it was held by this
Court in *Williams* v. *Lenoir*, 8 Bax., 395, that,
upon a proper plea of set-off, the statute of limita-
tions will not operate as a bar against defendant's
claims, nor run at all after the commencement of
plaintiff's suit, in cases of mutual accounts arising
between the parties about the same time. And
where a plea of the statute of limitations of six

Lewis *v.* Turnley.

years is made to 'the set-off, it must be stricken out for immateriality.

It was further held, in that case, that the cases of *Stone* v. *Duncan*, 1 Head, 103; 9 Hum., 743, holding the general doctrine that a debt barred by the statute . of limitations cannot be allowed as a set-off, do not conflict with this ruling. In accord with *Williams* v. *Lenoir*, is *Railroad* v. *Parks*, 86 Tenn., 554; *Dun* v. *Bell*, 85 Tenn., 582; *Caldwell* v. *Powell*, 6 Bax., 82.

We, therefore, hold that the set-off pleaded in this case, being evolved from the original consideration, is not barred, for the reason that the principal claim sought to be enforced is not barred, and that Turnley is entitled to recover $800, without interest, for breach of insurance stipulation. After crediting complainant's claim for balance of purchase money and interest, Turnley will be entitled to a decree for the excess, with costs.