MRS. A. C. MANN *v.* W. L. SMITH, EXECUTOR.

(*Nashville.* December Term, 1928.)

Opinion filed, March 16, 1929.

JAS. H. FRAZIER, JOHN E. GARNER and P. H. DUKE, for appellant.

LACKEY & LOSER, for appellee.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

Complainant's suit was dismissed by the chancellor, on the demurrer of the executor, and she has appealed. The executor has filed the record for writ of error, to review the action of the chancellor in overruling certain grounds of his demurrer.

The bill discloses a former suit in which W. L. Smith, executor, the defendant herein, sued Mrs. Mann to recover a fund of $3500 as the property of his testator, M. C. Smith, deceased, on the theory that the fund had been delivered to her by M. C. Smith, in his lifetime, in trust "for a particular purpose," and that she appropriated it to her own use by depositing it in the Fourth & First National Bank to her own credit.

Final decree was awarded the executor and the fund was adjudged to be the property of the estate. The bill herein does not in express terms state what defenses were interposed by Mrs. Mann to the former suit, the pleadings in which are referred to in the bill, but are not made exhibits thereto. The present suit was instituted by Mrs. Mann, at the termination of the first, to recover of the executor the sum of $4500, as the value of board, lodging and nursing furnished by her to M. C. Smith during his last illness, which continued for two and one-half years and terminated in his death in July, 1922.

The bill avers that M. C. Smith agreed and contracted to pay her for the care and attention bestowed on him, and "in an endeavor to so pay her" issued to her a check for $3500, which was the fund involved in the former suit; that this sum "was to be her compensation for the services already rendered the said M. C. Smith and those that might be necessary during his continued illness."

After reciting the demand of the executor for the return of the money "so given to her, which she refused to turn over to him," and the subsequent adjudication that the money "was the property of the estate, and that complainant (the defendant herein) in that suit was entitled to same," the bill states complainant's account against the executor and avers: "That she has not heretofore filed her claim with the executor as she was willing to accept the $3500 given to her by the deceased in full of her claim. However, the court having held that said gift was invalid she feels that she is justly entitled to claim against the estate for this amount."

(1) Counsel agree in construing the bill as showing that Mrs. Mann made no claim in the former suit that the money there involved was a payment on account, but

contended that it was a gift and that as such she was entitled to withhold it from the executor. There is nothing in the bill to show that the account for board and lodging was in any way involved in the former litigation, and if it had been pleaded it must have been by answer or by cross-bill as an affirmative defense, in the nature of set-off. It was optional with the defendant in the former suit to present such claim as a set-off or to reserve it for a separate and independent suit. *Holland* v. *Cooperage & Lbr. Co.*, 154 Tenn., 174.

Taking this view of the bill, we are of opinion that the defense of *res adjudicata*, asserted in the third ground of the demurrer, is not well taken. The only issue involved or adjudicated in the former suit was whether M. C. Smith delivered the $3500 to Mrs. Mann as a gift or for a particular purpose which entitled his executor to demand its return. The adjudication that the delivery was not a gift in no way affected Mrs. Mann's account for services and board, for which the bill does not show that Mrs. Mann asserted any claim in the former suit. Recovery of the fund was sought by the executor on the theory that its delivery to Mrs. Mann was in trust or as bailee and insufficient to pass title. Mrs. Mann did not contend, nor does she now, that she received the money as a payment or in satisfaction of her claim, but that it was delivered to her as a gift; that is, without valuable consideration. Therefore, it is clear to us that the claim for board and services could only have been adjudicated if presented as a set-off, and since that was not done, there has been no adjudication of the account on which the present suit is based.

*(2)* The judgment sustaining the theory of the bill filed by the executor in the first suit is conclusive that

there was no reciprocal connection between the delivery of the $3500 to Mrs. Mann and her account for board and services. The averments of the present bill with respect thereto are, however, relied upon to defeat that ground of the demurrer which is predicated upon the statute of limitations.

The bill was filed more than two years and six months after the qualification of the executor, which fact is relied upon in the demurrer as a bar to complainant's cause of action. Shannon's Code (all editions), sections 4012, 4451.

(3) The defendant, executor, is a nonresident of Tennessee, but it is provided by Acts 1903, chapter 501 (Shannon's Code, 1918 edition, section 3937a1), that when a nonresident qualifies as executor or administrator in Tennessee, "he shall be treated as a citizen of this State," and may be brought before a court at the suit of a resident creditor of the estate by process served upon the county court clerk. The necessary effect of this statute is that the nonresidence or absence of the executor from the State did not prevent or suspend the running of the statute of limitations against complainant's cause of action from the date of the qualification of the executor. *McFarland.* v. *Bowling*, 139 Tenn., 691; *Boro* v. *Hidell*, 122 Tenn., 80; *Taylor* v. *McGill*, 74 Tenn., 294.

(4) It is contended for the complainant that the institution of the former suit by the executor suspended the running of the statute of limitations against any item of mutual account, between M. C. Smith and complainant which she might have asserted in that suit as an off-set to the demand of the executor; and that her claim was thus freed from the bar of the statute, notwithstanding it was not pleaded in set-off but was reserved for an

independent action, especially in view of the averments of the bill which, complainant insists, show an understanding and agreement between the parties that the one debt should off-set the other. For this contention, complainant cites: *Caldwell* v. *Powell*, 65 Tenn. (6 Baxt.), 83; *Williams* v. *Lenoir*, 67 Tenn. (8 Baxt.), 396; *Railroad* v. *Parkes*, 86 Tenn., 565; *Lewis* v. *Turnley*, 97 Tenn., 205.

The averment of the bill that M. C. Smith intended the $3500 delivered to Mrs. Mann as a payment of his contractual obligation to her is conclusively negatived by the disclosure of the previous adjudication; and we think the fair and reasonable construction of the bill is that Mrs. Mann, having the $3500 in her possession, was willing to retain it in full satisfaction of her claim, and on that account withheld action on her claim until the executor successfully maintained his demand for the return of the money in her hands.

In *Williams* v. *Lenoir, supra,* the rule was stated that "upon a proper plea of set-off, the statute would not operate to bar defendant's claims, nor run after the commencement of plaintiff's suit in cases of mutual accounts arising between the parties at about the same time." And so it was held that the plaintiff's replication, interposing the statute to the plea of set-off meant six years before suit brought thereon by the plea of set-off or cross-action, and was therefore immaterial, and was properly stricken out. The authorities cited by the court have reference only to the filing of suit by the plaintiff as saving the defendant's set-off from the bar of the statute, when the set-off is asserted by proper plea in the same action.

*Lewis* v. *Turnley, supra,* is likewise limited in its discussion and statement of principles to claims of the defendant against the plaintiff which "are properly the

subject of set-off, and which are, in fact, pleaded as a set-off in that action.'' (See quotation from Wood on Limitations of Actions, 97 Tenn., 203.)

The general terms used in the opinion of the court, and the reference to *Williams* v. *Lenoir, supra,* cannot therefore be understood as referring to an independent cause of action which a defendant might properly, but does not, plead in set-off to the plaintiff's action.

The reason for the holding in *Williams* v. *Lenoir,* and in *Lewis* v. *Turnley,* is the obvious injustice resulting, if the plaintiff be permitted to assert his claim, and at the same time invoke the statute against a counter demand of the defendant growing out of the same consideration as plaintiff's claim, or connected therewith, as items of a mutual account accruing at about the same time. To hold that the institution of a suit will suspend the statute against demands of the defendant asserted in a subsequent and independent suit cannot be so justified. It is a sufficient protection of the equities of the original defendant, and is all that the statute will permit, to relate the filing of the plea asserting the set-off, to the time of the filing of the original suit, as in the cases cited.

In *Caldwell* v. *Powell,* 65 Tenn. (6 Baxt.), 82, the complainant was denied the right to invoke the statute against the pleaded set-off upon principles of equitable estoppel, the mutual demands there involved having been agreed and intended by the parties to be off-set, the one against the other; and it may well be doubted if the defendant therein could have recovered on his claim, on account of the lapse of time, if he had permitted the executor to obtain a judgment on the note sued on, without asserting his equities in defense.

The bill discloses no action or conduct of the deceased, M. C. Smith, or his executor, which induced complainant to withhold her suit until the termination of the previous litigation, and until it was barred by the statute. The cases cited do not state or authorize an exception to the operation of the statute which can save complainant's suit, and the decree of the chancellor, dismissing the suit, although on other grounds, must be affirmed.

The costs of the cause will be divided equally between the parties.