NUNN *et al. v.* WALKER (*two cases*).

(*Jackson*, April Term, 1948.)

Opinion filed June 12, 1948.

Thomas Steele, James T. Haynes and C. S. Carney, all of Ripley, and E. T. Palmer, of Dyersburg, for plaintiffs in error.

John M. Drane, of Newbern, and W. C. Patton, of Halls, for defendants in error.

Mr. Justice Gailor delivered the opinion of the Court.

This litigation rises from an automobile collision which occurred at the intersection of State Highways 20 and 51 in Dyer County on September 2, 1946. At the time of the collision, Mrs. Nell Avery Walker, with her husband, C. M. Walker, as a passenger, was driving his car north on Highway 51. C. M. Walker was killed in the accident and Thomas J. Walker has been appointed his administrator. The Walkers are residents of Dyer County. According to the declarations, the other car involved was owned by J. R. Lewis and being driven at the time of the collision by his minor grandson, Stewart Lewis Nunn. Both Lewis and Nunn are residents of Lauderdale County.

The declaration in the case of Nell Avery Walker v. Nunn and Lewis seeks damages for personal injuries to the plaintiff, and the declaration in the case of the Administrator v. the same parties seeks damages for the wrongful death of C. M. Walker. The original summons in each of these cases was issued August 16, 1947, and served "by accepting service" on September 2, 1947.

In connection with the aforesaid collision of automobiles, on September 2, 1947, the Clerk of the Circuit Court of Lauderdale County issued two summonses against Mrs. Nell Avery Walker, which purported to require her to appear in the Circuit Court of Lauderdale County, and answer (1) J. R. Lewis in a cross-action for personal injuries to his wife rising out of the automobile collision, and (2) Stewart Lewis Nunn, a minor suing by next friend, in a cross-action for his own personal injuries received in said collision. On the same day, the Clerk of the Circuit Court of Lauderdale County issued a summons against Thomas J. Walker, Administrator, requiring him to appear in the Circuit Court of Lauderdale County, and answer J. R. Lewis in a

suit for damages for personal injuries sustained by his deceased wife in said accident. According to the official returns appearing upon them, these three summonses were served on the day of their issue, September 2, 1947, on Mrs. Nell Avery Walker and Thomas J. Walker, Administrator, *in Dyer County*, by J. L. Morris, a Deputy Sheriff of Dyer County.

The record discloses that Mrs. Nell Avery Walker and Thomas J. Walker, Administrator, appearing specially through their attorneys, filed motions to quash these three summonses on the following identical ground:

"The summons shows on its face that it is a tort action or purported cross-action of said J. R. Lewis against this movent; that it, said summons, was issued by the Clerk of the Circuit Court of Lauderdale County, Tennessee, to the sheriff of Dyer County, Tennessee, and the return thereon shows that it was executed on this movement in Dyer County, Tennessee, by a Dyer County deputy sheriff, notwithstanding there is nothing on or in said summons showing any authority, legal or otherwise, for the issuance of such summons in Lauderdale County as aforesaid to the sheriff of Dyer County to be there served on this movent."

It appears from copy of an order handed up with the record after suggestion of diminution, that the trial judge sustained these motions to quash and that seasonable objection was made to this action. However, the only assignment of error on this action of the trial judge is as follows:

"Because it was error of the trial judge to overrule and quash the cross-summons issued in this cause."

This assignment is clearly insufficient under Rule 14 of our Court, 173 Tenn. 874, since it fails to

state specifically or otherwise, wherein the action was erroneous. However, rather than dismiss the assignment as not being in conformity with the Rule, we have carefully read the brief and argument filed by Plaintiffs in Error in its support. The gist of the only argument made in the brief or at the bar to support the assignment is that it was necessary to issue and serve these summonses to prevent the running of the one-year statute of limitations. Code 1932, sec. 8572. No reason or explanation is made or attempted why it was necessary to issue the cross-summonses from the Circuit Court of Lauderdale County, rather than from the Court of the residence of the cross-Defendants in Dyer County, as required by Code, sec. 8640. No case or statutory authority is cited to support the service of Lauderdale County process on a resident of Dyer County in Dyer County in an action in tort. The procedure was clearly irregular and illegal as process and it was, therefore, invalid and illegal for any purpose. We have recently upheld the rule that a Defendant in a tort action under section 8640 of the Code, has the right, with certain exceptions, to be sued in the County of his residence. *Taylor v. McCool*, 183 Tenn. 1, 189 S. W. (2d) 817. The facts of these cases do not bring them within the exceptions and, therefore, the trial judge was clearly correct in sustaining the motions to quash this process, and the first assignment of error is overruled.

The next step in the pleading was that on October 18, 1947, as cross-Plaintiffs, Stewart Lewis Nunn, b-n-f, and J. R. Lewis filed cross declarations in the Circuit Court of Lauderdale County against Mrs. Nell Avery Walker and T. J. Walker, Administrator, stating the causes of action indicated by the cross-summonses considered above.

After these cross declarations were filed, they were met by pleas in abatement, the pertinent parts of which are:

"That the said Stewart Lewis Nunn, a minor, by his next friend, Stewart H. Nunn, on October 18, 1947, filed what purports to be a cross-declaration against her pursuant to the issuance and purported service on her in Dyer County of said (considered above) summons.

"That there was no copy of said declaration, certified or otherwise, delivered to her or read to or served upon her and there was no copy, certified or otherwise, of said purported cross-declaration returned to the office of said clerk or to the clerk by the sheriff showing that he had delivered a copy of same to her.

"That no paper of any kind in this purported cross-action has been delivered to or left with her and that the only notice she has had of said cross-action was the aforesaid service of the aforesaid cross-action summons.

"That she has not in any wise or manner entered her appearance to the aforesaid purported cross-action either in person or by Attorney.

"That there has been no compliance whatever with the requirements in such cross-action as provided in Section 8747 of the Code. . . . "

The pleas were duly sworn to be true in substance and in fact, and the grounds for them are identical in all three cases. The cross-Plaintiffs, Nunn and Lewis, filed motions to dismiss the pleas in abatement and on the hearing the trial judge overruled the motion to dismiss and sustained the pleas in abatement and ordered the cross-declarations stricken from the files. To this action of the trial judge the cross-Plaintiffs, Nunn and Lewis, excepted and on it have assigned error as follows:

"Because it was error of the trial judge to quash and dismiss the cross-declarations filed in this cause on October 13, 1947."

It is apparent that this assignment of error is insufficient under Rule 14, supra, and it is not directed at any action of the trial court which appears in the record since no cross-declarations were filed on October 13, 1947, so far as the records disclose.

In filing the cross-declarations, the Plaintiffs in Error undertook to do so under the authority of Code secs. 8745, et seq. This practice was unknown to the common law and was, in fact, authorized for the first time by the Code of 1932. If the original Defendant undertakes to avail himself of this right and to follow this procedure, he must do so in strict conformity with the statute. It is admitted that there was no compliance with section 8747 of the Code, and that no copies of the cross-declarations were issued by the Clerk nor served by the Sheriff. It is argued that it was the duty of the Clerk and the Sheriff to issue and serve copies, but the issue on this record, is not between the Plaintiffs and the Clerk or Sheriff, and we are concerned exclusively with the undoubted right under the express terms of the statute (Code 8747), of the original Plaintiffs and cross-Defendants to have notice and copy of the cross-declarations. Neither the case of *Harvey* v. *Campbell*, 166 Tenn. 369, 61 S. W. (2d) 465, nor *Boone & Howison* v. *Bush*, 91 Tenn. 29, 17 S. W. 792, which are the only cases cited or considered by the Plaintiffs in Error, furnish any authority for validating a cross-action without the essential conditions of the issue and service of copies of cross-declarations. We find no merit in the second assignment of error and it is overruled.

Finally, Plaintiffs in Error make the following assignment of error:

"Because it was error of the trial judge to overrule the motion of the cross-plaintiffs to order the clerk of the court to issue in duplicate certified copies of the declarations filed in this cause by the cross-plaintiffs to the sheriff of Dyer County, with orders for him to deliver one copy to the cross-defendant, Nell Avery Walker, and make a return on the other that he had done so."

The records disclose that in all three cases on February 10, 1948, the following motion was filed with the Clerk:

"Comes the cross-plaintiff and moves the Court to order the Clerk of this Court to issue two certified copies of the cross-declaration filed in this cause to the sheriff of Dyer County, Tennessee, with orders to the sheriff to serve one copy of the declaration on the plaintiff and make his return on the other copy that he has done so."

So far as the record discloses, this motion was never acted upon by the trial judge, and in this connection, the Defendants in Error make the following statement in their brief:

"This motion was not acted upon by the Court and so far as the writer of this brief and his associate, W. C. Patton, Esq., who represent the defendants in error, know it was never presented to the Court. The motion appears in the record at pages Nos. 26 and 30 of Tr. No. 1 and No. 2 respectively.

"There is nothing on the record to show that the Court ever heard or acted on the aforesaid motion."

Since the record supports this statement, the motion was never brought to the attention of the trial judge, and is not before us on this appeal. Our jurisdiction is appellate only.

"This is a court of appeals and errors, and its jurisdiction can only be exercised upon questions and issues tried and adjudged by inferior courts, *the burden being upon the appellant, or plaintiff in error, to show the adjudication, and the error therein, of which he complains.*" (Emphasis ours.) Rule 14(5), 173 Tenn. 876; *Railroad Co.* v. *Johnson*, 114 Tenn. 632, 635, 640, 88 S. W. 169 *Wood* v. *Frazier*, 86 Tenn. 500, 501, 8 S. W. 148; *Jacks* v. *Williams-Robinson Lumber Co.*, 125 Tenn. 123, 140 S. W. 1066; *Hobbs* v. *State*, 121 Tenn. 413, 118 S. W. 262, 1 Ann. Cas. 177; *Tennessee Cent. Railroad Co.* v. *Brown*, 125 Tenn. 351, 143 S. W. 1129; *Fidelity Mut. Life Ins. Co.* v. *Guess et al.*, 171 Tenn. 205, 101 S. W. (2d) 694; *McAdams* v. *McAdams*, 177 Tenn. 67, 146 S. W. (2d) 140.

All assignments of error are overruled and the judgments are affirmed.

All concur.