HARBISON *v.* WELCH.

HISCOCK *v.* WELCH.

(*Nashville,* December Term, 1952.)

Opinion filed March 6, 1953.

Petition to Rehear denied April 25, 1953.

HODGES & DOUGHTY and ANDERSON & SNEPP, all of Knoxville, for appellants.

E. A. Langford, of Cookeville, and John W. Gill, of Monterey, for appellee.

Mr. Chief Justice Neil delivered the opinion of the Court.

Walter Robert Harbison and Betty Ruth Hiscock brought separate suits for damages in the Circuit Court of Putnam County against Mrs. A. P. Welch. The plaintiffs are residents of Knox County, Tennessee, while the defendant is a resident of Putnam County. The summons in each of these cases recited that the defendant was required to appear on a day certain in the Circuit Court "then and there to answer the plaintiffs in an action for damages for personal injuries" etc. Each of these writs was served upon the defendant on May 3, 1952, the day following issuance by the Clerk of the Circuit Court.

On the same day Mrs. Welch caused to be issued by the Clerk a summons addressed "To the Sheriff of Knox County" (Tennessee) commanding "Betty Ruth Hiscock to appear in person or by attorney * * * on the fourth Monday of July next then and there to answer Mrs. A. P. (Daisy) Welch in a cross-action for damages." There

was filed a certified copy of a cross-declaration attached to the summons, to be served upon the plaintiff Hiscock. The summons and the alleged cross-declaration was so served by the Sheriff of Knox County.

The substance of the cross-declaration is that her claim for damages rises out of an automobile accident which resulted in her personal injury and growing out of the same act and accident upon which Betty Ruth Hiscock has brought suit against cross-complainant in the Circuit Court of Putnam County on May 2, 1952.

A similar summons was issued against Harbison and a certified copy of a cross-declaration, attached thereto, was issued to the Sheriff of Knox County and served by him as in the Hiscock case.

Neither of the original plaintiffs had filed a declaration at the time their respective summons were issued and served upon the defendant; and none had been filed at the time the appeal was prayed and granted to this Court.

The original plaintiffs, Harbison and Hiscock, filed identical pleas in abatement to the cases brought by Mrs. Welch, attacking the issuance of process by the Clerk of the Putnam County Circuit Court and directed to the Sheriff of Knox County, Tennessee, because ''invalid, illegal and void as a cross-action authorized by law.''

Counsel for Mrs. Welch filed motions to strike and dismiss the pleas in abatement on the ground that the same ''were not good in either law or fact.'' The motions were treated and considered by the trial court as demurrers to the pleas in abatement. The said motions to strike were overruled and the pleas in abatement were sustained, it being held that the summons in each case, addressed to the Knox County Sheriff, were issued without authority in law and void.

The motion to strike the pleas in abatement to the cross-declarations (the same being treated as a demurrer) was overruled. An appeal was prayed and granted to this Court.

The assignments of error complain in substance "that the lower court erred in not sustaining the pleas in abatement in their entirety."

"The court should have held the filing and attempted service of purported 'cross-declarations' to be illegal and void for all purposes, not only as cross-actions, but original actions, and should have further held that the Circuit Court of Putnam County did not obtain jurisdiction of the plaintiffs-in-error, who were residents of Knox County, Tennessee, by such attempted procedure."

Counsel for the appellee, Mrs. Welch, moves the Court to dismiss the appeal on the ground that it is not from a final judgment.

We have repeatedly held that there is no right of appeal from a judgment that is not final in the Circuit Court; that appeals from an interlocutory decree lie only from the Chancery Court and are within the discretion of the Chancellor.

The appellants in response to the motion rely upon *Moore* v. *Gore*, 191 Tenn. 14, 231 S. W. (2d) 361, 363 to sustain their right of appeal. That case involved a plea in abatement to the jurisdiction of the court. An appeal was granted and sustained by this Court upon the theory that "the factual issue presented by the pleas in abatement abated the lawsuit"; that being true it was a final judgment.

The appeal in the case at bar is not from a final judgment. In other words the ruling of the learned trial judge quashing the summons in each of these cases did not result in the dismissal of Mrs. Welch's cross-action.

The right of the defendant to a judgment on her "purported cross-declaration" is still pending in the trial court. There is not as yet any adjudication by the lower court that her cross-action is not in conformity with the provisions of Code Section 8745, which reads as follows:

"In any action for tort where the defendant claims a cause of action, against the suing plaintiffs, or any of them, growing out of the same act, accident or transaction (such, for example, as collision of vehicles), the defendant may, along with his pleas and within the time limit allowed therefor, and in no case later than the issue term, file a cross-declaration setting forth his cause of action, upon his executing a bond for costs, or otherwise complying with the law in lieu thereof."

The summons in the cases at bar and issued to the Knox County Sheriff are clearly void and of no effect. *Nunn v. Walker,* 186 Tenn. 685, 212 S. W. (2d) 665. The above quoted Code Section does not require the issuance of any counter-summons by a defendant in a cross-action. This for the reason that the plaintiff is already in court. But the quashing of the summons does not have the effect of dismissing the cross-action.

But it is urged upon us that if we strictly construe the statute there can be no other result than the dismissal of the cross-declaration. The particular words of the statute which appellants say is restrictive of the defendant's right is that it cannot be filed except "along with his pleas," and *not until then.* This contention requires a brief discussion of what is meant by a "strict construction of a statute."

The clear purpose of the statute, which is in derogation of the common law, is to expedite the trial of damage suits "growing out of the same accident" (col-

lision of automobiles) thus determining the rights and liabilities of all parties in one law suit rather than in a number of separate actions.

██ ██ Conceding that this statute must be given a strict construction as held in *Nunn* v. *Walker,* supra, it cannot be said that the Court is confined to the language of the statute in deciding a factual question.

"The courts are not always confined to the mere letter of the law, or to the literal or strict meaning of statutory terminology." 50 Am. Jur., Sec. 240, p. 232.

"Although a rule of strict construction is applied to a statute in derogation of the common law, it should nevertheless be construed sensibly and in harmony with the purpose of the statute, so as to advance and render effective such purpose and the intention of the legislature." 50 Am. Jur., Sec. 404, p. 428. See also Sutherland on Statutory Construction, Vol. 3, Sec. 6203, p. 172, to the same effect.

A very strong statement relative to the meaning of strict construction of statutes appears in *United Cork Companies* v. *Volland,* 365 Ill. 564, 7 N. E. (2d) 301, 305, as follows:

"The doctrine of strict construction was never meant to be applied as a pitfall to the unwary, in good faith pursuing the path marked by the statute, nor as an ambuscade from which an adversary can overwhelm him for an immaterial misstep. Its function is to preserve the substantial rights of those against whom the remedy offered by the statute is directed, and it is never employed otherwise."

To the same effect is *Inhabitants of Whiting* v. *Inhabitants of Lubec,* 121 Me. 121, 115 A. 896, 899.

██ Applying the foregoing principles to the case at bar we do not think it was ever contemplated by the Leg-

islature that a plaintiff should have the right to forestall a cross-action by mere delay in filing a declaration. On the contrary all parties should have equal protection and no one given an unfair advantage over the other.

The judgment of the trial court was not a final judgment from which an appeal would lie, even though we strictly construe the statute. The appeal is accordingly dismissed at the appellants' cost.

## On Petition to Rehear.

The petition to rehear is not in strict compliance with the rules of the Court in that it is a reargument of the questions decided in the original opinion.

The right of a defendant to be sued in the county of his residence is not questioned by anybody. However, in transitory actions the plaintiff may sue him wherever he can be found. In cross-actions, such as we have here, jurisdiction of the cases would have been in either Knox County or Putnam County. In other words had Mrs. Welch elected to sue the original plaintiffs in Knox County, that county would have had jurisdiction of any cross-action against Mrs. Welch. The same is true with regard to the cases at bar in which Mrs. Welch has the right under the statute to file a cross-action against Harbison and also against Betty Ruth Hiscock.

The original plaintiffs (Harbison and Hiscock) cannot object to a cross-action against them on the ground of jurisdiction, i.e., that they should have been sued in Knox County. They invoked the jurisdiction of the Circuit Court of Putnam County against Mrs. Welch and by so doing submitted themselves to the court's jurisdiction to try and determine a cross-action against them growing out of the same accident.

It is true that we did not respond to the plaintiff-in-errors' insistence that the common law writ of certiorari was available to them to have the Court consider "the want of jurisdiction in the lower court". We have held in cases, too numerous to require citation, that there is no right of appeal from the action of the trial judge in overruling pleas in abatement; or to put it in another way, a court of law has no authority to grant a discretionary appeal upon issues which are not determinative of the *whole case*. Jurisdiction in most cases involves controversial issues of fact and there is no right of appeal from an interlocutory order deciding such an issue.

It may be we should not have decided the non-determinative issue of jurisdiction, but it has nevertheless been decided, with the result that the contention which is now being made by the petitioners is pointless. Moreover no case is cited (because none can be found) where a plaintiff-in-error is permitted to invoke the common law writ of certiorari to have a hearing upon issues decided in a court of law from which a discretionary appeal does not lie.

The petition to rehear is denied.