JOSEPH J. COLELLA

*v.*

J MILLARD WHITT and JOHN WYATT.

PAT MALONE

*v.*

J. MILLARD WHITT and JOHN WYATT.

(*Knoxville,* September Term, 1957.)

Opinion filed December 6, 1957.

552

HENDERSON & WALTER, Knoxville, SINOR & SINOR, Chattanooga, for plaintiffs in error.

HODGES & DOUGHTY, Knoxville, for defendants in error.

Mr. Justice Burnett delivered the opinion of the Court.

The answer to a single question is determinative of these lawsuits. The question might be stated thus: Do the defendants in a tort action (such, for example, as collision of vehicles), have to file any action that they have against the plaintiffs as a cross suit in the pending action, under our Cross Declaration Statute, (Title 20-1007, T.C.A.), or may they file independent suits in the proper jurisdiction under other venue statutes?

There was a multiple automobile collision in Roane County. This collision involved the cars of the two plaintiffs in error here as well as that of the two defendants in error and others. Before the instant suits, Whitt and Wyatt instituted suit in the counties of their respective residence (one Jefferson and one Knox) against these plaintiffs in error, and others. These suits were filed in Roane County asking for property damages and personal injury damages growing out of the automobile

accident which was the same accident for which they were sued in Jefferson and Knox Counties.

The defendants filed a plea in abatement to these Roane County suits in which they averred the prior institution of the suits in Jefferson and Knox Counties and that the accidents, parties, etc., were the same as those involved in the suits which had been instituted prior thereto.

To this plea in abatement these Roane County plaintiffs filed a replication in which they said: (a) that they had never at any time filed any suit in any other court regarding these defendants: (b) that these other suits were filed against various other people in addition to these plaintiffs and likewise involved other automobiles operated by other persons than the parties to this suit.

The defendants demurred to this replication and admitted its truth. After argument the trial judge sustained the demurrer to the replication and thus the plea in abatement was sustained by reason of which the plaintiffs' suits were dismissed. This appeal has resulted. Arguments have been heard and briefs filed and we now have the matter for determination.

The Cross Declaration Statute (20-1007, T.C.A.) provides:

"In any action for tort where the defendant claims a cause of action, against the suing plaintiffs, or any of them, growing out of the same act, accident or transaction (such, for example, as collision of vehicles), *the defendant may,* along with his pleas and within the time limit allowed therefor, and in no case later than the issue term, file a cross declaration setting

forth his cause of action, upon his executing a bond for costs, or otherwise complying with the law in lieu thereof." Emphasis ours.

This statutory law first appeared in the statutes of this State in the Code of 1932 or twenty-five years ago. Since that time it has been before the court on many occasions. This Court has on various occasions said that since these counter declarations were unknown to the common law that when a defendant undertakes to avail himself of the right of this statute he must follow the procedure and do so in strict conformity with the statute. *Nunn v. Walker*, 186 Tenn. 685, 212 S.W.2d 665, and others.

Under this Statute one taking advantage of it is limited by the terms of the Statute and cannot proceed beyond these terms. The Statute does not provide that third parties may be brought in but that the only person that could be made parties defendant to a cross declaration are the "*Suing* plaintiffs." *Stevens v. Linton*, 190 Tenn. 351, 229 S.W.2d 510. This Statute does not authorize the defendant tort-feasor to file a cross declaration against the driver of the plaintiffs' car. *Fontenot v. Roach*, D.C.1954, 120 F.Supp. 788.

This Court (1936) in *Cotton v. Frazier*, 170 Tenn. 301, 95 S.W.2d 45, 48, reasoned that where a suit was brought before a justice of the peace, where the limitations for property damages at that time were $500, growing out of an automobile accident, that then one claiming a larger amount, say $5,000 for personal injuries and property damage and making another party was not required to come into the court which had obtained original jurisdiction in the first instance by appeal from the

justice of the peace court to the circuit court. The reasoning of the Court was thus:

> "The magistrate suit was for injuries to a car. This is for injuries to the person also. In that case Frazier, as an individual only, was before the court. Here the suit is brought against Frazier and his corporate nonresident employer. The importance of the distinction between an action brought in a court of limited jurisdiction and one brought in the circuit court was stressed in *Moran v. Weinberger,* 149 Tenn. 537, 260 S.W. 966."

In this case the court also had under consideration, even though the question was *obiter dicta,* the same statute, (Cross Declaration Statute—20-1007, T.C.A.), now being considered. This being true it clearly appears to us that it was not the purpose of the Legislature (and this Court has not so interpreted that purpose for the past twenty-five years since the enactment of this Statute 20-1007, T.C.A.), to place on the words in the Statute, *"the defendant may",* a "shall" or "must" meaning.

■ "May" ordinarily connotes discretion or permission; and it will not be treated as a word of command unless there is something in the context or subject matter of the act or statute under consideration to indicate that it was used in that sense.

■ ■ It is true that the purpose of the enactment of this Statute (20-1007, T.C.A.) was to try to speed up litigation; where possible to determine the rights and liabilities of the parties in one suit rather than in a number of separate suits. This Court has very aptly said that in the recent case of *Harbison v. Welch,* 195 Tenn.

191, 258 S.W.2d 755, but in saying it the Court expressly held that the Statute was in derogation of the common law and must be strictly construed. We did not in any way intimate or infer that the word "may" as here used was a mandatory word meaning that all suits must be filed where the first one of these defendants brings a suit (assuming that it is the proper jurisdiction). We have clearly illustrated this by cases cited hereinabove of construction and interpretation of this Statute over a period of years since its enactment twenty-five years ago. We find nothing in the Statute which would warrant our treating the word "may" as a word of command at the present time, especially in view of the interpretation of this Statute in the various factual situations in the cases hereinbefore referred to which have been determined over a period of years. It thus seems that under the interpretations of this Court this word "may" has been treated in its ordinary sense of permissive rather than mandatory.

This Court has very recently in *Hubbs v. Nichols,* 201 Tenn. 304, 298 S.W.2d 801, 803, held that:

"Such a defendant may maintain, as a plaintiff, his independent action in another Court having jurisdiction. *Seager v. Foster,* 185 Iowa 32, 169 N.W. 681, 8 A.L.R. 690."

It is true the factual situation involved in the Hubbs case was a suit brought in the State court after a suit had been filed in the Federal court. There we held that if a plaintiff has a right to bring a suit in the State court that that court cannot be closed to him on the ground that his opponent desires that matter to be litigated in a forum of unrelated jurisdiction.

558

In that case we expressly approved the holding of the Iowa case cited above, (*Seager v. Foster*). In the *Seager v. Foster* case, the Iowa Court expressly held that the defendant in an action for damages for injuries arising out of an automobile accident is not bound, in order to protect his claim for injuries growing out of that same collision, to set it up by way of counter action but that he might maintain an independent action to recover his damages. This unquestionably seems the sane and sound rule to adopt in the absence of statutory legislation prohibiting such. We have no such legislation in this State.

Our Cross Declaration Statute (20-1007, T.C.A.) is a permissive statute and obviously when it can be all suits growing out of an automobile collision (out of one state of facts) should be tried in one court. It is not up to the court to judicially legislate this matter. Legislation is for the legislative branch of the government and not for the judicial branch. The Legislature over a period of twenty-five years has had at one time or another the various interpretations of this Statute as placed by this Court. During that time the Legislature has not seen fit as far as this is concerned, to change the Statute in any particular. Clearly if we interpreted the word "may" as here used as a mandatory phrase under our past interpretations of not being able to bring in third parties, etc., we would be doing litigants a gross and grevious wrong. If the Statute is so amended as to require all suits to be brought in one forum then other provisions must be made in the Act so that no one will lose their rights. This Court in the Hubbs case, *supra,* cited many other authorities which sustained the reasoning of why an independent

action may be brought. Those authorities and the expression of this Court therein have equal application to the facts of the instant case. The writer of that opinion has expressed the matter far better than the writer of this opinion can do.

It might not be amiss to note that these defendants, Whitt and Wyatt, when they brought their suits growing out of this same automobile accident, that they each brought the suit in the County of their residence. Their suits as far as this record shows were not consolidated but were brought in each County. Of course this has nothing to do with the legal situation in the present lawsuit but it is an observation that one cannot overlook.

For the reasons hereinabove stated we are convinced that there is no statutory law in this State requiring all parties connected with a suit of this kind to come into a pending action. Independent suits may be brought if the facts and circumstances justify them.

It is for these reasons that we are forced to reverse the trial court and remand these cases to that court for further proceedings consistent with this opinion. The costs of the appeal of these two lawsuits as set out in the caption hereof are adjudged against the defendants and defendants in error here. This opinion applies to both lawsuits as set out in the caption of the opinion.