Lloyd F. Lovejoy and James L. Lovejoy,

*v.*

H. P. Ahearn.

448 S.W.2d 420.

(*Knoxville*, September Term, 1969.)

Opinion filed December 15, 1969.

Harry T. Wilks, Hamilton, Ohio, and Sidney W. Gilreath, Knoxville, for plaintiffs in error; Haynes, Gilreath & Cary, Knoxville of, counsel.

Arthur M. Fowler, Loudon, for defendant in error; Fowler & Gibson, Loudon, of counsel.

Mr. Justice Dyer delivered the opinion of the Court.

This cause comes to this Court from the action of the trial judge in sustaining pleas filed by the defendant in error, H. P. Ahearn, alleging the cross-declarations seeking recovery for personal injuries filed by the plaintiffs in error, Lloyd F. Lovejoy and James L. Lovejoy, pursuant to T.C.A. sec. 20-1007, were barred by the one-year statute of limitations, T.C.A. sec. 28-304.

This cause arises from a vehicle collision on July 30, 1966, in Loudon County, Tennessee, involving a vehicle owned and operated at the time by H. P. Ahearn, a resident of Florida, and a vehicle owned by James L. Lovejoy, and operated at the time by Lloyd F. Lovejoy, both residents of Ohio. On July 31, 1967, Ahearn filed the original suit in this case in the Circuit Court for Loudon County, Tennessee, against both the Lovejoys, claiming personal injuries and property damages resulting from the negligence of the Lovejoys. Ahearn, obtained service of process upon the Lovejoys through the Secretary of State, pursuant to T.C.A. sec. 20-224.

On January 18, 1968, the Lovejoys, in answer to this suit, filed special pleas in effect pleading not guilty; also along with the special pleas James L. Lovejoy filed a cross-declaration, pursuant to T.C.A. sec. 20-1007, for property damage to his vehicle sustained in this collision. On March 1, 1968, James L. Lovejoy filed an amendment to his cross-declaration adding a count thereto for personal injuries. Also, on March 1, 1968, Lloyd F. Lovejoy, pursuant to T.C.A. sec. 20-1007, filed a cross-declaration for personal injuries resulting from this collision.

On March 14, 1968, Ahearn filed a motion to strike the amendment to the cross-declaration filed by James L. Lovejoy on the ground the record discloses the cause of action alleged accrued more than twelve months next before the filing of the amendment, and that the amendment is a new and an entirely different cause of action. Also, on March 14, 1968, Ahearn filed a motion to strike the cross-declaration of Lloyd F. Lovejoy on the ground the record discloses the cause of action accrued more than twelve months next before the filing of a cross-declaration.

The trial judge sustained both motions filed by Ahearn, dismissing the cross-declarations and amendment to the cross-declaration for personal injuries with prejudice, but allowed an appeal to this Court.

We think the appeal here at this time is proper on authority of *Moore v. Gore*, 191 Tenn. 14, 231 S.W.2d 361 (1950). The *Moore* case involved a plea in abatement to the jurisdiction of the Court. This Court sustained the appeal on the theory the factual issue presented by the plea in abatement abated the suit, which, being true, was a final judgment. The *Moore* case on this point is also

referred to in *Harbison v. Welch,* 195 Tenn. 191, 258 S.W.2d 755 (1953). The cross-declarations in the case at bar are separate suits brought in this manner only by virtue of authority of T.C.A. sec. 20-1007. The action of the trial judge in dismissing the cross-declarations was, in effect, the final judgment as to these cross-declarations.

The issues raised here deal primarily with T.C.A. sec. 20-1007, which statute is as follows:

> In any action for tort where the defendant claims a cause of action, against the suing plaintiffs, or any of them, growing out of the same act, accident or transaction (such, for example, as collision of vehicles), the defendant may, along with his pleas and within the time limit allowed therefor, and in no case later than the issue term, file a cross declaration setting forth his cause of action, upon his executing a bond for costs, or otherwise complying with the law in lieu thereof.

The original action by Ahearn was filed within the time required by the statute of limitations. The cross-declarations for personal injuries filed by the Lovejoys, pursuant to T.C.A. sec. 20-1007, were not filed within the time required by the statute of limitations, T.C.A. sec. 28-304. Under these admitted facts the Lovejoys insist T.C.A. sec. 20-1007 is a statutory remedy in the nature of set off or counter claim and the filing of the original suit by Ahearn saved the bar of the statute of limitations as to cross-actions arising out of the same act, accident or transaction; that is, the statute of limitations did not run against the cross-declarations from and after the filing of the original suit. In support of this position they cite *Lewis v. Turnley,* 97 Tenn. 197, 36 S.W. 872 (1896).

*Lewis v. Turnley,* supra, involved the sale of property with the purchaser giving his note in payment. As a part of the sale, seller agreed to transfer to purchaser insurance held by seller on the property and upon failure to do so then to be bound for the amount of the insurance. Seller failed to transfer the insurance and the property was destroyed by fire. Upon suit by the seller's administrator to collect the note, purchaser, pursuant to statute, now, T.C.A. sec. 20-1001, filed a plea of set-off for the amount of the insurance. Seller interposed the defense of the statute of limitations against the claimed set off, it being admitted the statute had run at the time of the filing of the claimed set-off. The Court held the filing of the original bill by the seller's administrator saved the bar of the statute of limitations as to the claimed set-off.

*Lewis v. Turnley,* supra, cites in support of its holding the case of *Williams v. Lenoir,* 67 Tenn. 395 (1875). The *Williams* case involved a suit by plaintiff upon an account, with the defendant pleading a set-off. Upon a plea of the statute of limitations to the claimed set-off the Court held:

We hold, therefore, that upon a proper plea of set-off, the statute would not operate to bar defendant's claims, nor run after the commencement of the plaintiff's suit in cases of mutual accounts arising between the parties about the same time. 67 Tenn. at 398.

In the case of *Mann v. Smith,* 158 Tenn. 463, 14 S.W.2d 722 (1929), this Court referred to the holdings in both the *Williams* and *Lewis* cases. As to the *Williams* case the Court said:

* * * "upon a proper plea of set-off, the statute would not operate to bar defendant's claims, nor run after

the commencement of the plaintiff's suit in cases of mutual accounts arising between the parties about the same time." 158 Tenn. at 468, 14 S.W.2d at 723.

The *Lewis* case, the Court said:

* * * is likewise limited in its discussion and statement of principles to claims of the defendant against the plaintiff which "are properly the subject of set-off, and which are, in fact, pleaded as a set-off in that action." 158 Tenn. at 468-469, 14 S.W.2d at 724.

We agree, if applicable, the holding of the *Williams* and *Lewis* cases would save the bar of the statute of limitations as to the cross-declarations filed in the case at bar. We do not, however, think the holding in the *Williams* and *Lewis* cases is applicable to the case at bar. The claimed set-off in the *Williams* and *Lewis* cases were filed pursuant to statute, now T.C.A. sec. 20-1001, which statute is basically a statutory re-enactment of the common law defenses of set-off and recoupment. The cross-declarations in the case at bar were not and could not have been filed either as a set-off or under any section of T.C.A. sec. 20-1001, since this statute does not encompass action for unliquidated damages. *Mack v. Hugger Bros.*, 153 Tenn. 260, 283 S.W. 448, 46 A.L.R. 1365 (1925).

■ The practice authorized by T.C.A. sec. 20-1007 in allowing cross-declarations in tort actions was unknown to the common law. This Court in construing this statute has found the intent of the legislature in enacting such statute was to expedite trials in damage suits by determining, if the defendant so desired, the rights and liabilities of all the parties in one suit rather than in a number of suits. *Nunn v. Walker*, 186 Tenn. 685, 212

S.W.2d 665 (1948); *Harbison v. Welch*, 195 Tenn. 191, 258 S.W.2d 755 (1953); *Colella v. Whitt*, 202 Tenn. 551, 308 S.W.2d 369 (1957).

In light of the general purpose and language of this statute, which language in no way alludes to any statute of limitations, we hold the filing of the original suit by Ahearn did not operate to bar the running of the statute of limitations as to the cross-declarations filed by the Lovejoys, pursuant to T.C.A. sec. 20-1007.

The judgment of the lower court is affirmed.

BURNETT, CHIEF JUSTICE, and CHATTIN, CRESON and HUMPHREYS, JUSTICES, concur.