**Katherine MAXWELL et al., Plaintiffs,**

v.

**Beryl Easton ROARK, Defendant.**

**Civ. A. No. 2726.**

United States District Court,
E. D. Tennessee, N. D.

Dec. 30, 1971.

James W. Fletcher, Greeneville, Tenn., and O. H. Wilson, Wilson & Wilson, Mountain City, Tenn., for plaintiffs.

James E. Brading and Kent Herrin, Johnson City, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The plaintiffs Mr. and Mrs. Maxwell commenced this diversity action for personal injuries and property damage on May 14, 1971. 28 U.S.C. § 1332(a)(1). They complain of personal injuries allegedly sustained in an accident on May 30, 1970. The defendant Mr. Roark, as plaintiff-by-counterclaim, interposed his counterclaim against the plaintiffs Mr. and Mrs. Maxwell, as defendants-by-counterclaim, on June 9, 1971, seeking money damages for his personal injuries and property damage. Mr. and Mrs. Maxwell moved to dismiss the counterclaim as it relates to personal injuries on the ground that it fails to state a claim on which relief can be granted, Rule 12(b)(6), Federal Rules of Civil Procedure, in that the counterclaim is barred by T.C.A. § 28–304, which limits actions for injuries to the person to commencement within one year after the cause of action accrued. Any response thereto of the plaintiff-by-counterclaim is now deemed to have been waived. Local Rule 12(b).

■ The motion of the defendants-by-counterclaim has merit. It appears

without doubt that the plaintiff-by-counterclaim can prove no set of facts in support of his claim for personal injuries which would entitle him to relief. See Conley v. Gibson (1957), 355 U.S. 41, 45–46, 78 S.Ct. 99, 102[6], 2 L.Ed.2d 80. " * * * [W]here the defense of a State statute of limitations is pleaded in an action to enforce a state right, the time of commencement of an action is treated as substantive, hence controlled not by federal, but by state rules as to when an action is commenced to enforce a right. * * *" West v. Cincinnati, N. O. & T. P. Ry. Co., D.C.Tenn. (1952), 108 F.Supp. 276, 278[4].

■ The counterclaim herein of June 9, 1971 was obviously interposed more than one year after the cause of action arose on May 30, 1970. See T.C.A. § 28–304. The commencement of this original action did not toll the applicable statute of limitation for purposes of interposing a counterclaim. The Tennessee Supreme Court has declared:

> * * * The practice authorized by T.C.A. § 20–1007 in allowing cross-declarations [*viz.*, counterclaims] in tort actions was unknown to the common law. This Court in construing this statute has found the intent of the legislature in enacting such statute was to expedite trials in damage suits by determining, if the defendant so desired, the rights and liabilities of all the parties in one suit rather than in a number of suits. * * *

> In light of the general purpose and language of this statute, which language in no way alludes to any statute of limitations, we hold the filing of the original suit * * * did not operate to bar the running of the statute of limitations as to the cross-declarations filed * * *".

Lovejoy v. Ahearn (1969), Tenn., 448 S. W.2d 420, 422[2, 3]. Accordingly, the counterclaim hereby is dismissed only as it relates to the personal injuries claimed by the plaintiff-by-counterclaim Mr. Roark.