Scatchard *v.* Barge.

SCATCHARD *v.* BARGE.

*(Jackson.*     April 15, 1899.)

RECOUPMENT.   *Must be specially pleaded.*

Matter in recoupment, as well as set-off, must be specially pleaded, and cannot be proved under the general issue.

Code construed: § 4639 (S.); § 3628 (M. & V.); § 2918 (T. & S.).

Cases cited: Hogg *v.* Cardwell, 4 Sneed, 151; Waterbury *v.* Russell, 8 Bax., 159; Parker *v.* Steed, 1 Lea, 206; Gibson *v.* Carlin, 13 Lea, 440; Porter *v.* Woods, 3 Hum., 56; Sample *v.* Looney, 1 Overton, 87.

FROM  SHELBY.

Appeal in error from the Circuit Court of Shelby County.   L. H. ESTES,  J.

W. H. PHELAN and GEO. GILLHAM for Scatchard.

H. C. WARINNER for Barge & Derrick Co.

McALISTER, J.   The defendant in error recovered a  verdict  and  judgment  in  the  Circuit  Court  of Shelby County against Scatchard & Son for the sum of  $1,659.48  for  the  towage  of  certain  logs  from Westover and Lake Jefferson, Arkansas, to Memphis, Tenn.   Scatchard & Son appealed and have assigned errors.

The declaration contained two counts, viz., one for breach of contract, and the other the common count. Scatchard & Son pleaded the general issue. The defendant introduced evidence tending to show that the logs in question originally belonged to one John Blackwell, who sold them to the Williams Sawmill & Lumber Co., at Memphis. Scatchard & Son contracted with the Williams company to pay for the logs so purchased or make advances on them to Blackwell, which was accordingly done by Scatchard & Son to an amount in excess of plaintiff's towing charges. Defendant's contention is that they agreed with plaintiffs that if they would properly tow to Memphis all the logs (Blackwell logs) then at Westover or near Lake Jefferson, the defendant would pay the towing charges; but that plaintiff towed only a part of said logs, and by their fault and negligence lost the remainder, on which defendant had made said advances; that some were lost at Westover by the high water carrying them away, and that others at or near Lake Jefferson were lost by the sinking of one of the plaintiff's barges. Defendants claim that, owing to the loss of said logs, they had no funds in their hands sufficient to pay the said towing charges; that defendant had advanced on the logs lost $1,400, which was in excess of proper charges for logs actually towed. Defendants introduced evidence tending to show that whatever advances Scatchard & Son may have made on these logs had been fully repaid out of the proceeds of

the logs actually received by them, and that at the time this suit was brought they had reimbursed themselves for all such advances, and had a surplus in their hands. It appears, however, that on the trial below defendants sought, under the general issue, to recoup the plaintiff's claim for towage by the value of the logs lost, at least to the extent that defendants had made advances on them, but the Court excluded such proof upon the ground that recoupment must be specially pleaded, and could not be made available under the general issue.

The principal assignment of error is upon the action of the trial Court in refusing to allow Scatchard & Son to prove damages by way of recoupment under the issues presented by the pleadings. In Martin's Edition Caruthers' History of a Lawsuit it is said, viz.: "Set-off and recoupment are defenses that must be specially pleaded. They are in effect cross actions, and are allowed primarily to prevent circuity of action. The distinction between the two is this: Set-off consists of a demand not connected with, or arising out of, plaintiff's demand, existing at the commencement of the action in favor of the defendant against the plaintiff, while recoupment relates only to cross demands inseparably connected with, and necessarily arising out of, the contract upon which plaintiff sues." Sec. 128. This statement of the law is attacked as erroneous.

In *Sample* v. *Looney*, 1 Overton, 87, it was held

Scatchard *v.* Barge.

that evidence in recoupment was admissible "either by plea or proof under the general issue."

In *Porter* v. *Woods, Stacker & Co.*, 3 Hum., 56, the judgment was reversed because recoupment of damages had not been allowed, and the only plea was the general issue.

In *Hogg* v. *Cardwell*, 4 Sneed, 151, Judge Caruthers said, viz.: "It does not seem to be very well settled whether the defense can be relied on under the general issue without special plea, or at least notice, but it is doubtless better practice to plead it to avoid surprise to the other party."

While the authorities were in this apparent conflict the Act of 1855 was passed (Shannon's Code, § 4639), viz.: "The defendant may plead, by way of set-off or cross action, (1) mutual demands held by the defendant against the plaintiff at the time of action brought and matured when offered in set-off (Acts 1756, Ch. 4, Sec. 7); (2) any matter arising out of plaintiff's demand, and for which the plaintiff would be entitled to recover in a cross action (Acts 1855–56, Ch. 71, Sec. 1). Code of 1858, § 2918.

The Act of 1855–56 clearly refers to matter of recoupment, which, at common law, was the right of defendant, in the same action, to claim damages from the plaintiff, either because he has not complied with some cross obligation of the contract upon which he sues, or because he has violated some duty which the law imposed upon him in the mak-

ing or performance of that contract. Bouvier's Law
Dictionary. We are aware of no case decided since
the Act of 1855–56 which holds that recoupment
may be relied on under the general issue. In the
case of *Hogg* v. *Cardwell*, 4 Sneed, 151, decided in
1856, it was held, viz.: "Any false representation
by the bargainor, made at or before the time of
the execution of a written contract of sale, as to
the value of the property sold, intended as an in-
ducement to the bargainor, and having that effect,
by which the bargainee is injured, whether innocently
or fraudulently made, constitutes good ground for
recoupment of damages, upon special plea by de-
fendant, in a suit upon such contract." In *Waterbury*
v. *Russell*, 8 Bax., 159, plaintiff sued defendant for
balance due on price of corn sold in sacks and de-
livered to him. Defendant filed a special plea for
recoupment, upon the ground that the corn was
found to be badly damaged by heating, mould, and
rust; that, in sending said corn to market, it was
sold at a loss, which defendant sought to have re-
couped or set off against the plaintiff's claim. In
that case the plea was special. The case of *Parker*
v. *Steed*, 1 Lea, 206, was an action at law to re-
cover the price of a brick dwelling house. The
declaration contained two counts—one on the special
contract and the other on a *quantum valebant*. The
pleas were (1) the general issue; (2) a claim of
damages by way of recoupment, by reason of the
gross negligence and want of skill of plaintiff in

erecting said house, whereby it was wholly useless to defendant, etc.. In that case there was a special plea of recoupment.

The case of *Gibson et al.* v. *Carlin*, 13 Lea, 440, was a bill in equity, and the answer specifically set up the damages claimed. Counsel for plaintiff in error cite in support of their contention *Moore* v. *McGaha*, 3 Cooper's Chy. Rep., 415. The bill in hat case was filed to enjoin a judgment at law, and the demurrer was sustained upon the principle that a party will not be aided by a Court of Equity after a trial at law unless he can impeach the justice of the verdict on grounds of which he could not have availed himself at law or of which he was prevented availing himself by fraud or accident or the act of the opposite party, unmixed with negligence or fault on his part. In that case it appeared that the complainant had been sued and a judgment recovered against him at law for balance due on a building contract, in which suit complainant failed to plead set-off, cross action, or recoupment for damages sustained in consequence of the builder's failure to do his job in a workmanlike manner and with good material, as he contracted to do. The Chancellor held that the defenses now relied on (set-off and recoupment) were necessarily involved in the action at law, and that the complainant, having had full opportunity to make them in that suit, was clearly precluded from coming into equity upon them.

Scatchard *v.* Barge.

The Chancellor remarked "arguendo," that the damages claimed could have been shown in the action at law, under the general issue, without special pleading, citing *Porter* v. *Woods*, 3 Hum., 56. The Chancellor did not notice the Act of 1855–56, which we hold changed the rule on this subject and made it imperative on the pleader to rely by special plea on his claim of recoupment. This has always been the rule where the party desired to rely, by way of set-off, upon some demand disconnected with the subject-matter of the. plaintiff's claim, and we see no reason for two different rules in respect of matters so nearly cognate as set-off and recoupment.

It results that there was no error in the action of the Circuit Judge in excluding this evidence, and the judgment is affirmed.