ATHLYN HOLLAND *v.* FORCUM-JAMES COOPERAGE & LUM-
BER CO.*

(*Jackson.* April Term, 1926.)

Opinion filed July 13, 1926.

1. **ACTION. Separate suits.**

It is the rule that a person suing cannot split indivisible causes of
action into separate suits, and this is true whether the action is
founded in tort or upon contract. (Post, p. 176.)

Citing: Saddler v. Apple, 19 Humph. (28 Tenn.), 342; Hume v.
Bank, 1 Lea (69 Tenn.), 223.

2. **SAME. Same.**

The rule that a person suing cannot split causes of action cannot be
invoked as against independent or divisible actions or defenses.
(Post, p. 176.)

3. **SAME. Recoupment. Shannon's Code, sec. 4639.**

Section 2918, Code of 1858, Shannon's Code, section 4639, is declara-
tory of the common-law remedy of recoupment, through which
any matter arising out of the contract to reduce liability of the
defendant may be shown. (Post, p. 177.)

Citing: Lewis- v. Woodfolk, 2 Bax (61 Tenn.), 25; Scotchard v.
Barge, & Derrick Co., 102 Tenn., 282, 52 S. W., 153; Gibson v.
Carlin, 13 Lea (81 Tenn.), 440.

4. **SAME. Same. Same.**

It is not obligatory upon a defendant to set up his defensive cross
action; he may elect to present his cross action as a defense to
the action against him or bring an independent action of damages.
(Post, p. 178.)

Citing: Fort v. Orndoff, 7 Heisk. (54 Tenn.), 167; Phoenix Iron
Works Co. v. Rhea, 98 Tenn., 461, 40 S. W., 482; E. T. V. & G.

R. R. v. Branner, 2 Shan. Cas., 405; 34 Cyc., 757; 19 Enc. Pl. & Pr., 731; 24 R. C. L., 882; 9 R. C. L., 956.

*Headnotes 1.  Actions, 1 C. J., Sections 275, 278, 285, 298; 2. Judgments, 34 C. J., Section 1266; 3. Judgments, 34 C. J., Section 1279 (Anno.); Recoupment, etc., 34 Cyc., p. 759.

---

## FROM DYER.

---

Appeal in error from the Circuit Court of Dyer County. —Hon. ROBERT A. ELKINS, Judge.

JOHN M. DRANE, for appellant.

MORRIS & MORRIS, and DRAPER & RICE, for appellee.

MR. JUSTICE COOK delivered the opinion of the Court.

This action was commenced before a justice of the peace to recover damages from the company "for breach of contract let to defendant for building a dwelling house . . . in failing . . . to use good material for the roof, and failing to put the roof on in workmanlike manner . . . as promised, causing the roof to leak and let in rain, to the damage of the house and furniture."

The justice of the peace awarded judgment for $400, and the company appealed.  In the circuit court the company pleaded *nil debit, non assumpsit, res adjudicata,* and the statute of limitations of three years.  Upon issues submitted a jury assessed $450 damages, upon which judgment was rendered against the company, and appeal carried the case to the court of appeals.  That court

held defendant's plea of former adjudication good; that Holland was estopped by the proceeding in the chancery court brought by the company against him to recover the contract price for the building. The court said the chancery proceeding was the action by the company to recover the contract price, and Holland's action, subsequently commenced, involved a question that should have been determined in the chancery proceeding, which was a suit on the identical contract for the building of the house, and this is an action for damages alleged to flow from the contract for building the house. In other words, the court of appeals held that it was Holland's duty to present as a defensive action his claim for damages in the chancery proceeding brought to enforce the mechanic's lien.

It is the rule that a person suing cannot split indivisible causes of action into separate suits, and that is true whether the action is founded in tort or upon contract. *Saddler* v. *Apple,* 9 Humph., 342.

It is also the rule that a party, whether plaintiff or defendant, is entitled to only one hearing on the merits, and defenses cannot be split, but the person sued should present all of his defenses to the indivisible cause of action. *Hume* v. *Bank,* 1 Lea, 223.

We do not understand that this rule may be invoked as against independent or divisible actions or defenses to actions. It is not obligatory upon a defendant to plead recoupment. By recoupment a remedy of common-law origin, carried into section 4639, Shannon's Code, Holland could have set up a defensive claim of damages in the chancery proceeding to enforce the mechanic's lien. He could have pleaded recoupment in reduction of the

demand, either because the builder failed to perform the obligation of the contract, or because the builder violated some duty imposed by law in performance of the contract. *Lewis* v. *Woodfolk*, 2 Baxt., 25; *Scatchard* v. *Barge & Derrick Co.*, 102 Tenn., 282, 52 S. W., 153.

Shannon's Code, section 4639, is merely declaratory of the pre-existing common-law remedy of recoupment, and broadens the remedy through which any matter arising out of the contract may be pleaded in recoupment to reduce liability of the defendant. *Gibson* v. *Carlin*, 13 Lea, 440. The claim thus presented is a cross-demand, and, in effect, there would be two actions—one by complainant to recover the contract price for building the house, and another by defendant to recover damages for the defective construction. Each party presenting these contesting claims would occupy the attitude of complainants seeking, each from the other, affirmative relief. If recoupment had been pleaded the doctrine of *res adjudicata* would have foreclosed subsequent action, but we do not understand that it is obligatory upon a defendant to set up his defensive cross-action. The rule is that the defendant may elect to present his cross-action as a defense to the action against him upon the contract, or bring an independent action of damages. *Fort* v. *Orndoff*, 7 Heisk., 167; *Phoenix Iron Works Co.* v. *Rhea*, 98 Tenn., 461, 40 S. W., 482; *East Tenn., Va. & Ga. Railroad* v. *Branner*, 2 Shan. Cas., 405.

In 34 Cyc., 757, it is said: "Mutual cross-demands do not as a general rule extinguish each other by the mere operation of the law regulating set-offs, without the acts of the parties, and a defendant holding a claim against plaintiff is not compelled to avail himself of it but has

the option of pleading the same by way of set-off in an action against him, or of making it the ground of an independent action, and the rule is the same in regard to recoupment.''

In 19 Enc. Pl. & Pr., 731, it is said in substance that a party defendant must assert all his defenses, and if he fails to do so he will not afterwards be permitted to deny the correctness of a final determination, but this rule does not apply to demands against the plaintiff which are properly available by way of set-off, and as a general rule, in the absence of a statute, a defendant may at his election present demands of this nature either as a defense to a pending suit or as the basis of an independent action in a subsequent suit. It is said this rule applies, and the defendant may elect between a cross-action as an immediate assertion of his claim, or may subsequently bring an independent suit, and that the rule applies whether in set-off or recoupment. 24 R. C. L. (91), p. 882.

The rule forbidding the splitting of actions or of defenses is not applicable. The doctrine of election of remedies does not apply, because the defensive cross-action of recoupment, being an action to recover damages for a breach of the contract, is not a remedy that is inconsistent with a direct action to recover for the breach. 9 R. C. L. 956.

Reversed; judgment of the circuit court affirmed.