## FRENCH v. FRENCH.—221 S. W. (2d) 957.

Middle Section.   February 26, 1949.

Petition for Certiorari denied by Supreme Court, June 18, 1949.

Petition for Rehearing Petition for Certiorari denied July 9, 1949.

Z. T. Osborn, Jr., of Nashville, for plaintiff in error.

Homer B. Weimar, Dennis W. Summers and J. Victor Barr, all of Nashville, for defendant in error.

HOWELL, J. In this case the plaintiff Mae Dunlap French sued the defendant Jerome A. French, upon a judgment obtained against the defendant for $1,300.00 in the Court of Common Pleas of Cuyahoga County, Ohio, on March 7, 1947. This judgment was for unpaid amounts due the plaintiff as alimony and for the support of their son and grew out of the decree in a divorce case between the parties in the same Court, the case having been heard on October 20, 1943, the divorce being granted upon the grounds of extreme cruelty.

The decree in the divorce case is in part as follows:

"It is therefore ordered and adjudged that the marriage contract heretofore existing between the plaintiff Mae Dunlap French and defendant, Jerome A. French, be and the same is hereby dissolved and both parties are released and discharged therefrom; and that each is hereby forever barred and quit-claimed of any and all right of dower, and from or to the property or effects of the other by virtue hereof, other than as is hereby set forth.

"It is further ordered, that defendant Jerome A. French restore William Christopher French to the care, custody and control of plaintiff, Mae Dunlap French; that the holding by defendant of William Christopher French was, is, and continues to be in violation of the order of this Court and by reason thereof defendant, Jerome A. French is declared to be in contempt of Court until he is purged therefrom by said restoration and by the further order of this Court.

"It is further ordered and adjudged that the sole care, custody, education and control of William Christopher French be and the same are hereby awarded to the plaintiff, Mae Dunlap French; that the defendant shall pay the plaintiff for the care, support and maintenance of

William Christopher French, beginning December 13, 1943, the sum of Five ($5.00) Dollars per week until further order of Court.

"It is further ordered, adjudged and decreed that the matter of the future care, custody and control of the minor child, William Christopher French, be and the same is hereby certified to the Juvenile Court of Cuyahoga County for further proceedings according to law.

"It is further ordered and adjudged that for and as alimony to plaintiff she is hereby allowed and awarded free from any and all claims, of the defendant, the household furniture and furnishings, the live stock, the insurance agency, sometimes known as the United Insurance Agency, and the further sum of Five Hundred ($500.00) Dollars for her expenses and attorney fees."

The judgment for $1,300.00 was on motion in this case and for amounts past due and unpaid as ordered by this decree.

The defendant filed a plea of set-off in the suit here upon this judgment in which he claimed that the plaintiff was indebted to him in the sum of $6,500.00 by reason of her having converted to her own use moneys and other personalty belonging to the defendant.

The plaintiff then filed a motion as follows:

"Comes the Plaintiff and moves the Court to strike the defendant's plea of set-off heretofore filed in this cause. The defendant has no right to set-off against the demands of the Plaintiff as the money demanded for the Plaintiff in her suit is trust funds for the use and benefit of her minor child and for attorney's fees and counsel reporting her in the original divorce action and these matters have been adjudicated in the courts of Ohio."

This motion was granted by the Court and the plea of set-off was stricken.

The defendant then filed a plea as follows:

"Comes the defendant, Jerome A. French, and for plea to the declaration filed against him in this cause, says that the judgment on which plaintiff's suit against him is based, has been fully paid and satisfied and that he is not indebted to plaintiff as in her declaration alleged and defendant demands a jury to try this cause."

The case then was heard by the Court and a jury and at the closing of the proof the Court granted a motion of the plaintiff and instructed the jury to return a verdict in favor of plaintiff for $1,300.00 and interest and costs. The only testimony before the jury was that of the defendant himself and he testified that the plaintiff was indebted to him in an amount more than sufficient to satisfy the judgment by reason of the appropriation by her after the divorce decree of money and other personalty belonging to him.

The defendant has by proper procedure appealed in error to this Court and has assigned as error the action of the trial Judge in striking the defendant's plea of set-off and in not permitting him to rely thereon.

The defendant relies upon Section 8746 of the Code which is as follows:

"Resident and nonresident adversaries.—

"In actions or suits in which a resident of another state and a resident of this state are adversary parties, every claim or demand against the suing parties, or any of them, whether liquidated or unliquidated, sounding in tort or contract, expressed or implied, or whether arising in the same or a different transaction, may be set up by plea of set-off, or as counter-claim by counter-declaration in manner and time and conditions set forth in the section next above."

Under Section 8768 of the Code a plea of set-off has certain essentials which must exist before it can be allowed, as follows:

"Defendant may set-off.—The defendant may plead by way of set-off or cross action:

"(1) Mutual demands.—Mutual demands held by the defendant against the plaintiff at the time of action brought, and matured when offered in set-off.

"(2) Matter growing out of plaintiff's demand.—Any matter arising out of the plaintiff's demand, and for which the defendant would be entitled to recover in a cross action.

"(3) Or the original consideration.—Any matter growing out of the original consideration of any written instrument, for which the defendant would be entitled to recover in a cross action.

"(4) Equities attached to the demand.—Any equities between the defendant and the original party under whom the plaintiff claims, which by law have attached to the demand in the plaintiff's hands, and for which the defendant would be entitled to a recovery against such original party."

We are thus presented with the question whether or not the trial Court erred in striking the plea of set-off before hearing any of the proof.

The suit was filed by the plaintiff individually to collect a judgment in her favor. The record did not disclose whether or not the attorneys' fees in the divorce case had been paid or who had cared for the child.

The record does not disclose what property, in money, personalty or realty, the defendant had at the time of the divorce or what disposition was made of it other than the specific items set out in the divorce decree and we

are of the opinion that the defendant was entitled to a hearing upon the question as to whether or not the plaintiff was indebted to him.

In the case of Mann v. Smith, 158 Tenn. 463, 14 S. W. 2d 722, 723, the Supreme Court held that where an independent or divisible defense existed, as set-off, which was not relied on, such defense may be presented in another action. The Court said:

"There is nothing in the bill to show that the account for board and lodging was in any way involved in the former litigation, and if it had been pleaded it must have been by answer or by cross-bill as an affirmative defense, in the nature of set-off. It was optional with the defendant in the former suit to present such claim as a set-off or to reserve it for a separate and independent suit. Holland v. Forcum-James Cooperage and Lbr. Co., 154 Tenn. 174, 285 S. W. 569.

"Taking this view of the bill, we are of opinion that the defense of *res adjudicata*, asserted in the third ground of the demurrer, is not well taken."

In referring to the Mann case the Supreme Court in Beare v. Burnett, 162 Tenn. 610-613, 39 S. W. 737, 738, said:

"We do not think that Mann v. Smith, 158 Tenn. 463, 14 S. W. 2d 722, and Holland v. Forcum-James Cooperage & Lumber Co., 154 Tenn. 174. 285 S. W. 659, are in point. In these cases, defendants failed to set up claims by way of set-off or recoupment when they were sued, and were later permitted to maintain separate actions on account of these claims. The original judgments did not necessarily involve the factual bases of the later suits."

In the case of Wood v. Cannon County, 25 Tenn. App. 600, 166 S. W. 2d 399, 401, Felts, Judge, in discussing a similar claim of set-off said:

Such an independent demand may be the basis of an independent suit or may be sued on by way of set-off. Code, secs. 8768, 8772; Holland v. Cooperage & Lumber Co., 154 Tenn. 174, 285 S. W. 569; Mann v. Smith, 158 Tenn. 463, 14 S. W. 2d 722.''

Under all the circumstances as disclosed by this record we think the defendant should have been given an opportunity to present to the Court and jury the defenses set up in his plea of set-off.

The assignments of error are sustained, the judgment of the trial Court is reversed and the case remanded to the Circuit Court of Davidson County for a new trial. The plaintiff below will pay the costs of the appeal.

Reversed and remanded.

Felts and Hickerson, JJ., concur.