ABBOTT WIDDICOMBE et al., Appellants,

*v.*

I. W. McGUIRE, JR., Individually and doing business as
McGuire Construction Company, Appellee.

429 S.W.2d 815.

(*Jackson*, April Term, 1967.)

Opinion filed March 5, 1968.

Heiskell, Donelson, Adams, Williams & Wall, Memphis, for appellants.

Evans, Petree, Cobb & Edwards, Memphis, for appellee.

Mr. Special Justice William J. Harbison delivered the opinion of the Court.

This suit originated in the Chancery Court of Shelby County, and was a bill brought by the complainants, Abbott Widdicombe and F. Allan Brown, to enjoin a Circuit Court suit which had been brought by I. W. McGuire, Jr., against them on a promissory note on which there was a balance due in the amount of $120,000.00, with accrued interest.

For convenience, the parties will be referred to herein as they appeared in the trial court.

The chancellor issued a temporary injunction against the proceedings in the Circuit Court, but upon motion of the defendant the injunction was dissolved. Thereafter, the injunction was reinstated pending disposition of the present appeal, upon the execution by complainants of an additional bond.

In their suit to enjoin the Circuit Court action, complainants admitted liability upon the note which was the subject of that action. It was their contention, however, that further prosecution of McGuire's suit in the Circuit Court should be enjoined until a previous suit pending in the Chancery Court against McGuire and others had been determined. The present suit for an injunction was filed on March 15, 1966.

On November 5, 1963, Central Towers Apartments, Inc., a Tennessee corporation, had filed a suit in the Chancery Court of Shelby County, Tennessee, against McGuire and others, seeking damages for alleged breach of a building contract for the construction of a large apartment building in Memphis, Tennessee. Joined as

defendants in the 1963 action were McGuire, who was the general contractor for the building of the apartments, the surety on his construction bond, the architect on the project, and several of the major subcontractors. The bill alleged that the owner of the apartments, Central Towers Apartments, Inc., was entitled to damages by reason of various defects in the construction of the apartments, and several different items of damages were sought from the respective defendants. In an answer and cross-bill filed by McGuire in that action, it was contended that McGuire had remedied many of the defects complained of in the bill. It was further alleged that McGuire was entitled to indemnification from several of the subcontractors involved, in the event it should be determined that the owner of the apartments was entitled to damages by reason of defective equipment or workmanship. In addition, McGuire plead as an offset or recoupment to the Central Towers suit a note of some $20,000.00, which had been issued to him by the corporation for amounts due him under the construction contract.

This litigation has been pending in the Chancery Court since November, 1963, and has not been tried to date, insofar as the record before us discloses.

The Circuit Court action by McGuire against Brown and Widdicombe resulted from a promissory note executed by them to McGuire under date of December 15, 1962. This note was payable in annual installments of $30,000.00 each, commencing in January, 1964. There is no dispute between the parties but that the first installment on this note was paid when due in January, 1964. The installments for 1965 and 1966 were not paid, however, and on January 15, 1966, McGuire's solicitor demanded payment on the installments then due. This

demand was not met. In late January, 1966, complainant Brown sought leave to file an amended and supplemental bill in the Central Towers litigation, alleging that he had become sole owner of all of the stock of Central Towers Apartments, Inc., had dissolved the corporation, and was the only person beneficially interested therein. He further alleged that he had agreed to indemnify Widdicombe on the December, 1962 note payable to McGuire, and sought to enjoin McGuire from filing an independent action on the note and to compel McGuire to plead the note as recoupment or set-off in the Central Towers litigation. This application to file an amended and supplemental bill, and to enjoin McGuire was denied on March 4, 1966. Immediately thereafter, McGuire filed his suit in the Circuit Court on the note, as above described. On March 15, 1966, complainants filed this action in the Chancery Court to enjoin the Circuit Court proceedings as aforesaid. A temporary injunction issued. Defendant McGuire filed a motion to dissolve this injunction; and after taking the matter under advisement and considering briefs and argument, the chancellor dissolved the temporary injunction and dismissed the bill.

After a careful consideration of this record, we are of the opinion that the chancellor did not abuse his discretion in this disposition of the case.

It is clear from the record before us that the note given by Brown and Widdicombe to McGuire arose out of their purchase of McGuire's right to acquire stock in the Central Towers Apartments, Inc. This was a personal undertaking and obligation of Brown and Widdicombe. On the other hand, the original suit brought in the Chan-

cery Court in 1963 was brought by and on behalf of the corporation, in its corporate capacity, to recover damages for breach of the building contract. It does appear that thereafter the corporation was dissolved and that Brown became sole owner of its assets. We do not regard this fact, however, as constituting any special equity in Brown's favor which would make it mandatory for the Chancery Court to enjoin the Circuit Court action on the personal note given in December, 1962.

■■ There is no claim or suggestion of insolvency of any party in the case, so as to make applicable considerations of equitable set-off by reason by insolvency. It is too well settled to require extended discussion that a court of equity generally will not enjoin a suit at law unless there be some special ground for equitable relief. See *Robinson v. Easter,* 208 Tenn. 147, 334 S.W.2d 365 (1961), and cases cited therein. Further, Tennessee does not have any compulsory counterclaim statute, comparable to Rule 13(a) of the Federal Rules of Civil Procedure. The Tennessee statutes dealing with set-off, recoupment and cross-actions are permissive rather than compulsory. T.C.A. sec. 20-1001 et seq.; *Colella v. Whitt,* 202 Tenn. 551, 308 S.W.2d 369 (1957); *Holland v. Forcum-James Cooperage & Lumber Co.,* 154 Tenn. 174, 285 S.W. 569 (1926). Even under Rule 13, however, a counterclaim is compulsory and must be asserted as such only if it arises out of the same "transaction or occurrence" as that involved in the original suit. Otherwise it is merely permissive and may be asserted in an independent action. See Rules 13(a) and (b), Federal Rules of Civil Procedure. We have real doubt that McGuire's claim on this note could fairly be said to have arisen out of the

building contract on which he had been sued by Central Towers Apartments, Inc.

■ At the time Central Towers Apartments, Inc., commenced its suit against him, it seems clear that McGuire could not have plead by way of set-off or recoupment in that litigation the personal note of Brown and Widdicombe to him. The owners of this apartment complex saw fit to do business in corporate form for several years. Brown later acquired all of the stock and then saw fit to dissolve the corporation and operate the enterprise as an individual proprietorship. In our opinion this fact does not entitle him to compel McGuire to plead the personal note of Brown and Widdicombe as a defense to the chancery suit which was originally begun as a corporate action. It is stated in the briefs that Brown "did business" in the corporate form of Central Towers Apartments, Inc., for some years, but this statement is inaccurate in legal theory. The corporation had a separate legal existence apart from Brown. There is shown no basis upon which we would be justified in saying that throughout all of the multiple transactions reflected in this record the corporation was a mere shell or sham, whose existence should be disregarded. We think that the following statement by the United States Supreme Court is appropriate:

> While corporate entities may be disregarded where they are made the implement for avoiding a clear legislative purpose, they will not be disregarded where those in control have deliberately adopted the corporate form in order to secure its advantages and where no violence to the legislative purpose is done by treating the corporate entity as a separate legal per-

son. *Schenley Distillers Corporation v. United States,* 326 U.S. 432, 437, 66 S.Ct. 247, 249, 90 L.Ed. 181, 184 (1946).

See also *Maley v. Carroll,* 381 F.2d 147 (5th Cir. 1967).

■ It results that we are of the opinion that the chancellor properly denied the permanent injunction sought in the original bill filed in this cause and properly dissolved the temporary injunction.

■ The chancellor, however, in addition to denying a permanent injunction, awarded judgment in favor of the defendant McGuire against the complainants and the surety on their injunction bond in the amount of $4,233.25, stating that this amount represents six per cent interest on the amount sued for in the Circuit Court, which suit the defendant had been enjoined temporarily from prosecuting. We are of the opinion that inasmuch as the defendant is now free to sue on the note in the Circuit Court with all accrued interest thereon according to the terms of the note, additional damages should not be awarded. There is no proof in the record before us of any damages actually sustained by McGuire. Accordingly we modify the decree of the chancellor by disallowing the aforesaid item of damages. All costs of the cause shall be paid by the complainants and the balance of the sum secured by the appeal bond filed in this cause shall be paid to the defendant, first to be credited on accrued interest on the note, and the balance, if any, to be applied to the principal balance on said note, all as provided in the terms of said bond.

As modified, the judgment of the trial court is affirmed.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and CRESON, JUSTICES, concur.